## DICKERSON, Appellant, v. CHRISMAN, Respondent.

1. Where a suit results adversely to the plaintiff and he becomes liable for costs and judgment is rendered accordingly, it is no error as against him that judgment for costs is also rendered against another irregularly made a party to the suit at the instance of the defendant.

2. Where a deposition is offered in evidence, and its admission is objected to for various reasons, if the objection that the absence of the witness has not been accounted for be not made, it will be deemed to have been waived.

3. Declarations of a grantor of real estate, made before the grant, to the effect that he had previously sold said real estate to another, are admissible in evidence against such grantee and all persons claiming under him.

4. Where there is a parol sale of real estate and the vendee is placed by the vendor in such a situation that a fraud will be worked upon him unless the contract of sale is fully performed, this will be deemed such a part performance as will take the case out of the statute of frauds.

5. The rule that a judgment is an entire thing, and if reversed as to one must be reversed as to all, is only applicable to judgments at law.

*Appeal from Moniteau Circuit Court.*

This was an action in the nature of an action of ejectment to recover possession of certain real estate in the town of California. The suit was instituted in February, 1856. Plaintiff claims title under a deed from one Browning, dated July 12, 1855, and recorded September 11, 1855. The plaintiff claims also rent from the defendant and compensation for waste. The defendant set up as a defence to the suit that he purchased the property in controversy of said Browning on or about the 1st of May, 1855; that he took possession of the same and paid about eight hundred dollars thereon, leaving the same amount unpaid; that Browning executed and acknowledged a deed of said property to defendant, but fraudulently refused to deliver it; that plaintiff,

with full knowledge of these facts, fraudulently contrived and confederated with Browning and obtained a conveyance of the same property to himself. The defendant offered to pay the remainder of the purchase money and prayed for a decree of title against plaintiff and Browning ; that Browning be made a party to the action ; that an order of publication against Browning be made, he being a nonresident of the state. An order of publication was made against Browning. The cause was tried by the court without a jury. The court found for the defendant Chrisman. The finding of the facts fully supported the defence set up. The court, by its decree, vested the title to the lots in controversy in Chrisman, and decreed that Chrisman pay to Browning eight hundred dollars, the balance of the purchase money, with interest. Judgment was rendered against Dickerson and Browning for costs.

*White*, for appellant.

I. The court erred in not striking out the amended answer of respondent, because he was not entitled to recover on the face of it. More than twelve months had elapsed after bringing suit before Browning was proposed to be brought in as a party. Nearly two years had transpired since respondent had been notified by Browning that he would not deliver him the deed, by which time Browning had gotten out of reach of the process of the court. No demand for the deed was made and no offer by respondent to either pay Browning the purchase money or secure its payment. This proceeding was irregular, and at any rate Browning could only have been made a party by application by petition to the court for that purpose. (See Practice Act of 1849, art. 3, § 10.) The court erred in awarding an order of publication against Browning ; no affidavit was filed as the statute requires. (See Practice Act of 1849, art. 5, § 8.) The order of publication was also defective, first, as to the number of weeks the publication was to be made, nor does said order state the fact that the "Boonville Observer" is a newspaper

published in this state. (See Practice Act of 1849, art. 5, § 12.) The court erred in going into a trial between appellant and respondent before the expiration of the time set by the court, within which time Browning was required to plead, and in taking proof and trying the cause at a term previous to the term at which final judgment was rendered against Browning. (See Practice Act of 1859, art. 5, § 14.) The court erred in receiving testimony of common report among the associates of appellant to establish title in respondent, common report being wholly inadmissible to establish title to realty, and parol evidence being only admissible to prove possession and not title. (Smith v. Phillips, 25 Mo. 255; Bompart v. Roderman, 24 Mo. 401.) The court erred in not excluding Gildersleeve's deposition, because at the time it was taken Browning was not a party, and at the time it was used he was. The court erred in not giving the instructions asked, and the findings of the court were not warranted by the testimony in the cause. The court erred in decreeing title in respondent; the allegations were not sustained by the proof. The remedy should have been in damages. (1 Johns. Ch. 6; 25 Mo. 162; Phillips v. Thompson, 1 Johns. Ch. 148; Williams v. Robidoux, 11 Mo. 660.) Courts will not decree specific performance of contract unless possession has been given under the contract of sale, and valuable and lasting improvement made in good faith. (White v. Watkins, 23 Mo. 423; Gratiot v. Sigerson, 25 Mo. 63; Bean v. Valle, 2 Mo. 109; Roberts on Frauds, 135; 2 Story's Eq. § 762, 766.) Title could not be decreed to respondent unless entire payment of the purchase money had been made. (Jewett v. Palmer et al., 7 Johns. Ch. 65; Paul v. Fulton, 25 Mo. 162.) The rule is that where both parties claim an equitable title, the one who is prior in time has the better right; but this rule will not apply here. (Boone v. Chiles, 10 Peters, 210.) To make appellant a purchaser with notice, it should have appeared on the trial that he knew when he bought that Browning had conveyed by deed to respondent. (Still v. Paul, 8 Mo. 479.)

*Douglass* and *Hayden*, for respondent.

I. The case has not been properly saved. The motion for a review is insufficient. The suit was commenced whilst the practice act of 1849 was in force, and it must be governed by that act. (R. C. 1855, p. 1026, § 18; id. 1293, § 44.) The motion for review does not set forth the facts to be found differently, nor the evidence bearing on them. (Prac. Act, 1849, art. 15, § 3; Skinner v. Ellington, 15 Mo. 488; Gibony v. Bedford & Kitchen, 17 Mo. 56; Raymond v. Edgar, 19 Mo. 32; Freeland v. Eldridge, 19 Mo. 325.) The finding of facts is sufficient. (Brown v. Emmerson, 18 Mo. 105; Conrad & Bennett v. Belt's Adm'r, 22 Mo. 116.) But if the case had been properly saved, no errors could appear. The judgment against Browning was properly rendered. (R. C. 1855, p. 1279, § 8.) Dickerson was a purchaser with notice of the prior purchase made by Chrisman. He told E. H. Doggett that Chrisman had purchased, and this was before the 12th day of July, 1855, the day of Dickerson's purchase, and this was actual notice. (Bartlett v. Glasscock, 4 Mo. 62.) Chrisman was in possession and this was evidence of notice. (Vaughn v. Tracy, 22 Mo. 415; 25 Mo. 318.) It was also the common talk and belief in the community, Dickerson's place of business, and among his associates. (Benoist v. Darby, 12 Mo. 196; Brander v. Ferriday, 16 La. 296.) Dickerson having purchased the property with full knowledge and actual notice of the prior purchase of Chrisman, became a trustee for Chrisman and is bound to convey the legal title to him. (1 Story's Eq. § 395, 396, 397; Murray v. Ballou, 1 Johns. Ch. 566; Murray v. Finnister, 2 ib. 185; 15 Ves. 350; Farrar v. Patton, 20 Mo. 84; Truesdell v. Callaway, 6 Mo. 605.) The instructions asked by plaintiff were properly refused. (Robinson v. Rice, 20 Mo. 230; Clouse v. Maguire, 17 Mo. 158; Wilburn v. Clark, 22 Mo. 503.) Browning's declarations and admissions were competent evidence. (Cavin v. Smith, 24 Mo. 221.)

Scott, Judge, delivered the opinion of the court.

We will notice the points, on which a reversal of the judgment of the court below is sought, in the order in which they are presented in the plaintiff or appellant's brief.

There is nothing in the objection that the court erred in not striking out the amended answer of the defendant. The answer contained the facts constituting the defence of the respondent, and it was necessary that they should have been in issue in order to determine the controversy between the parties. It is rather singular that a plaintiff should complain of the delay of a defendant in not disclosing his defence. If he wanted earlier knowledge of it, why did he not bring his suit sooner ?

The second complaint made against the judgment below is that the order of publication against Browning was not published in conformity to law, and consequently that he was not properly before the court. This suit having been begun under the practice act of 1849, that act will determine the course of proceeding to be observed in conducting it. We do not see how Dickerson can complain of the manner in which Browning was made a party to the suit. If Browning has been improperly joined, he may make the objection. There is no judgment against him except for costs, nor was any asked. How, then, can the mere naming him as a party in the proceedings affect Dickerson ? Browning might complain, but, if he is silent and acquiesces, who shall make objections for him ? Dickerson is not damnified by any irregularity in the proceedings against Browning. The judgment against him is just what it would have been had not Browning been named.

Conceding that the evidence of Gildersleeve was in itself admissible, we do not see on what ground the objection to the deposition can be sustained. The point that the absence of the witness was not accounted for was not made until it it had been read. As objections to the reading of the deposition were made, and as the objection that the absence of

the witness had not been accounted for was not among them, the court was warranted in regarding that objection as waived. There was nothing in the other objections to the deposition, as they were not read as the admissions of a party, but as the declarations of a vendor in possession of real estate affecting those who subsequently claim under him. This subject will be again adverted to.

The propriety of the admission of the evidence in relation to the notoriety of the contract between Browning and Chrisman is fully sustained by authority. Such evidence was clearly competent to prove notice to Dickerson of the contract. (Benoist v. Darby, 12 Mo. 206 ; 2 Stark. 191 ; Muller v. Moss, 1 Maul. & Sel. 325.) There was however no necessity for such testimony in the cause, as the fact of notice was clearly established by other evidence.

An objection is made to the admission by the court in evidence of the declarations made by Browning before he conveyed to Dickerson that he had sold the property to Chrisman. The fact of a sale to Chrisman was controverted, and these declarations were given in evidence to show a parol sale in order that the defendant might establish his defence and entitle himself to the relief he sought by his answer. The rule seems well established that the declarations of the grantor, bargainor or vendor of real estate, such declarations being made at any time before the act of granting, bargaining or vending, are admissible against the immediate grantee, bargainee or vendee, and all who claim more remotely under the same title. (Cowen & Hill's Notes, 652.) The case of Davis v. Spooner, 3 Pick. 284, is thus stated in the book just referred to : " In a writ of entry for White Farm, both parties claimed under a deed from S., the deed by which the demandant claimed being oldest but not recorded. The defendant, however, purchased with actual notice of the first deed. This being shown, and that the grantor had fraudulently obtained and suppressed the first deed—held, that his declarations were admissible to prove its existence and contents, as coming from one under whom the defendant claim-

ed." In its main features this case is almost parallel with that now under consideration.

The most important question in this case is, whether there was such a contract between Chrisman and Browning as can be specifically enforced, although not reduced to writing. The deed executed by Browning for Chrisman must be laid out of the case, as it does not appear to have been delivered. The want of a delivery rendered it ineffectual for any purpose. There is not any difficulty in the way of enforcing the contract against Dickerson, as the court finds the fact that he had actual notice of the contract, and the evidence fully warrants the finding. The acts that shall be deemed such a part performance of a parol contract for the sale of lands as will take it out of the operation of the statute of frauds are not well defined, and the cases show much contrariety of opinion on the subject. Judge Story says : "A more general ground, and that which ought to be the governing rule in cases of this sort is, that nothing is to be considered as a part performance which does not put the party in a situation, which is a fraud upon him unless the agreement is fully performed. Thus, for instance : if, upon a parol agreement, a man is admitted into possession, he is made a trespasser, and is liable to answer as a trespasser, if there be no agreement valid in law or equity. Now, for the purpose of defending himself against a charge as a trespasser, and a suit to account for the profits in such a case, the evidence of a parol agreement would seem to be admissible for his protection, and if admissible for such a purpose, there seems no reason why it should not be admissible throughout." (Story's Eq. § 761.) The instance stated as an application of the rule is so extremely similar to the circumstances of the case before us that we are relieved from the necessity of seeking further illustrations. If the statute in this instance should interpose an obstacle to the relief sought by the defendant, it would furnish a protection to a great fraud. The defendant was let into possession under a contract on which he had paid a large portion of the purchase money, and is now exposed to

an action of ejectment and is forced to defend himself against an account for the mean profits. The house he contracted for was used and intended for a hotel, and with it he purchased the furniture. So he is subjected not only to an action of ejectment, to an account for rents, but a quantity of useless furniture is left on his hands. If the principle above stated has any force, it must reach a case of this kind. If it is true that a statute designed to prevent frauds shall not be made a means of protecting them, the plaintiff must fail in this suit.

This being a trial by the court, there was no necessity for instructions. The practice act of 1849, under which the action was begun, did not require them.

The rule, that a judgment is an entire thing and if reversed as to one must be reversed as to all, is one only applicable to judgments in courts of common law jurisdiction; or, in other words, to judgments at law. The answer of the defendant converted this proceeding, in effect, into a suit in the nature of proceedings in equity. The eighth section of the thirtieth article of the act of 1849 prescribed the mode by which a party against whom a judgment by publication was obtained might be relieved. Dickerson has no right to appear in this court and seek a reversal of the judgment against Browning when he is not affected by it. This court will not suffer one who is beyond its jurisdiction to make objections to the proceedings of our courts, unless he will come in and enter his appearance and thereby place himself in a situation that a personal judgment can be rendered against him. If he is aggrieved, he can only obtain redress in the manner pointed out by the statute. Dickerson can not complain, if he was liable to a judgment for costs, that the judgment was jointly rendered against him and another. That the judgment was rendered against another together with himself does not injure him.

Affirmed; Judge Richardson concurs. Judge Napton absent.