Neenan v. The City of St. Joseph.

NEENAN v. THE CITY OF ST. JOSEPH, *Appellant.*

Division One, December 22, 1894.

1. Practice: INFANT: JUDGMENT. A judgment rendered against an infant without the appointment of a guardian *ad litem* is improper and may be vacated, even after the lapse of the term at which it was entered.

2. Judgment, Entirety of. A judgment is not such an entirety as not to be amendable or subject to correction as to one of the parties alone, unless the substantial rights of the others would be injuriously affected thereby.

Neenan v. The City of St. Joseph.

3. Judgment: DELINQUENT TAXES. A judgment in a statutory suit for taxes is one strictly *in rem* and not *in personam*.

4. ———: ———: SEVERAL DEFENDANTS. A judgment in a statutory suit for delinquent taxes brought against several defendants may be vacated as to one and stand good as to the other.

*Appeal from Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

REVERSED AND REMANDED.

*H. S. Kelley* for appellant.

(1) The fact that James Neenan was a minor and no guardian *ad litem* was appointed, was not sufficient cause for setting aside the judgment. The rule that a judgment against several defendants for a sum of money is an entirety, and, if erroneous as to one, is so as to all, has no applicability to cases where the judgment or decree relates to land. *City of St. Louis v. Lanigan*, 97 Mo. 175. (2) No personal judgment can or will be rendered in a tax suit, even where there is personal service. It is a judgment *in rem*, or against the property only, and transfers the title and interest of the parties to the suit in the property upon which the taxes accrued. *Milner v. Shipley*, 94 Mo. 106; *Allen v. McCabe*, 93 Mo. 138. (3) The property is liable for the taxes assessed against it, whether it be owned by adults or minors, and it is only necessary to make those who own it, or claim an interest in it, parties. It is admitted that John Neenan, the father of the other defendants, had a life estate in the land, and it was his duty to keep the taxes paid, and his life estate might be sold and transferred to the purchaser in payment of said taxes. *Berlien v. Bieler*, 96 Mo. 491; *Reyburn v. Wallace*, 93 Mo. 326. (4) The name of the plaintiff, and that of his brother and sister,

might have been omitted, and the judgment against the life tenant would have been sufficient and valid to pass his interest in the lot. *Allen v. DeGroodt*, 98 Mo. 159.

*M. G. & J. Moran* for respondent.

(1) A judgment against an infant may be recalled or set aside on motion of such infant, and the judgment, being entire, must be recalled and set aside as to all, if recalled as against the infant. *Randalls v. Wilson*, 24 Mo. 76; *Powell v. Galt*, 13 Mo. 458; *Rush v. Rush*, 19 Mo. 441; *Richards v. Walton*, 12 John. 434. (2) It will not be contended that this was not a suit *in rem;* yet, in *Copeland v. Yoakum*, 38 Mo. 350, another suit in equity, where minors appeared by attorney only, the court held that the judgment was erroneous and should be set aside on motion. This rule has been followed in the following cases: *Gilbreth v. Bunce*, 65 Mo. 349; *Higgins v. Railroad*, 36 Mo. 419. (3) Respondent contended in the court below, and contends here, that the city could not maintain the suit for city taxes accruing prior to the time it elected to come under the provisions of law relating to cities of the second class. R. S. 1889, secs. 7672, 7673 and 7674; *State to use v. Robyn*, 93 Mo. 395. (4) The suit should have been instituted in the name of the collector of the revenue of Buchanan county, and the lower court so held. R. S. 1889, secs. 7672, 7673 and 7674. (5) The taxes were barred, and the trial court did not abuse its discretion in setting the judgment aside for that reason. *St. Joseph v. Railroad*, 118 Mo. 671; *State ex rel. v. Tufts*, 108 Mo. 481. (6) It devolves upon one appealing from the order of of the trial court recalling and setting aside a judgment and granting a right to plead or answer, to show that the court committed error in so doing. *Hewitt v.*

*Steele*, 118 Mo. 463. (7) If the action of the trial court in its order setting aside the judgment and granting respondent the right to plead can be sustained upon any ground set forth in the entire proceedings, then the supreme court will not interfere. *Hewitt v. Steele, supra.*

MACFARLANE, J.—This is a proceeding in the nature of a bill of review or error *coram nobis*, to vacate a judgment for the sale of plaintiff's land for delinquent taxes.

The suit for taxes was prosecuted against John Neenan, John J. Neenan, Mary Neenan, and plaintiff James Neenan, for the taxes due the city of St. Joseph for a number of years, and charged against the land. All the parties to the suit, except the plaintiff, were personally served with process, but none of them answered. The court found that "defendants were duly served by personal service" and rendered judgment charging their land, of which the defendant John Neenan held the life estate, and the other defendants the remainder, as tenants in common, with the delinquent taxes due thereon adjudged to be $427, and decreed a sale of the land to satisfy the same.

This proceeding to set aside and vacate the said judgment was commenced at the next term of court after its rendition. None of the parties to said judgment were made parties to this suit, except plaintiff, and defendant, the city of St. Joseph.

The petition charged, as ground for vacating the said judgment, that, at the time the suit was commenced, and the judgment was rendered, he was a minor and no guardian *ad litem* was appointed by the court to represent him and protect his interests, and that he was not personally served with process, as was erroneously found by the court. Plaintiff stated in

his petition facts which, if true, constituted a meritorious defense to said tax suit. The answer was a general denial. The court granted the relief but, vacated the judgment as to all the defendants and reinstated the case.

The statute declares, that, "after the commencement of a suit against an infant defendant, and service of process upon him, the suit shall not be prosecuted any further until a guardian of such infant be appointed." The statute is imperative, and as no guardian was appointed for plaintiff, who was shown to have been a minor, the judgment was improperly rendered against him.

What the effect of the judgment may have been upon a collateral attack made thereto after a sale of the property thereunder, is not a question here. No sale was made under the judgment, and this proceeding questions its validity directly. "It is well settled for an error in fact which can only be shown by evidence outside the record a judgment can be attacked by a direct proceeding after the lapse of the term at which it was rendered. If a judgment is rendered against an infant who appears by attorney, this is an error in fact for which a writ of error *coram vobis* will lie." *Ex Parte Toney*, 11 Mo. 661. "The usual way of bringing such matters before the court, according to the practice in this state, is by motion supported by affidavits or evidence." *Ex Parte Gray*, 77 Mo. 161, and cases cited; *Randolph v. Sloan*, 58 Mo. 155; *State ex rel. v. Tate*, 109 Mo. 266; *Nave v. Todd*, 83 Mo. 601. It will be seen from the cases cited that judgments against minors, married women, slaves, deceased persons, and upon unauthorized appearance of counsel, have been corrected in this manner.

In regard to a proceeding of this character, after judgment, we may aptly quote what was said in a pro-

ceeding to open a default: "The code is not suffi-
ciently comprehensive to embrace every varied phase
which a case may assume before reaching judicial
determination, and in consequence of this, resort must
be frequently had to common law methods of pro-
cedure." *Tucker v. Insurance Co.*, 63 Mo. 594.

There can be no doubt that plaintiff was entitled
to the relief sought, and that the proceeding adopted
was authorized.

II. But it is insisted, and this is the chief com-
plaint, that, though plaintiff was entitled to the relief
sought, the court erred in setting aside the judgment
as to the other defendants.

Under some of the early decisions of this court, it
was repeatedly said that a judgment at law is an
entirety and can not be recalled, or reversed, as to one
party, and stand good against the other. If set aside
as to one it must be set aside as to all, in its entirety.
*Randalls v. Wilson*, 24 Mo. 76; *Rush v. Rush*, 19 Mo.
441; *Pomeroy v. Betts*, 31 Mo. 419; *Hulett v. Nugent*,
71 Mo. 134.

But it was said by Judge Scott in one of these
cases that "the rule that a judgment is an entire thing
and if reversed as to one must be reversed as to all, is
one applicable to judgments in courts of common law
jurisdiction; in other words, to judgments at law."
*Dickerson v. Chrisman*, 28 Mo. 141. The action in
that case was ejectment with an equitable defense.
Judgment was rendered against Dickerson and Brown-
ing for costs. A futile attempt was made to bring
Browning into court by publication of notice. Dicker-
son alone appealed. The court says: "Dickerson
can not complain, if he was liable to a judgment for
costs, that the judgment was jointly rendered against
him and another. That the judgment was rendered

against another, together with himself, does not injure him."

In a late case it was said: "Those cases which hold that a judgment against several defendants for a sum of money is an entirety, and if erroneous as to one is erroneous as to all, have no applicability to cases where the judgment or decree is as *to land.*" *City of St. Louis v. Lanigan,* 97 Mo. 180. The case involved a proceeding to condemn land for a street, and was against a number of persons who owned distinct parcels of land. One only of these parties appealed. In such case the judgment of condemnation is against, and for damages, is in favor of, each individual land owner severally and can not be regarded as an entirety.

In the case of *Dickerson v. Chrisman, supra,* the answer prayed for the cancellation of a deed of conveyance to land, but the judgment was only against the plaintiffs for costs. Such a judgment could be characterized as an entirety as readily as many judgments at law.

In the case of *Rush v. Rush, supra,* the proceeding was to set aside a will. Two of the defendants were minors, and appeared by attorney. Judgment was arrested as to the infants, and final judgment entered against the adult defendants, and they appealed. The judgment was held to be an entirety, and, being arrested as to some, must be arrested as to all the defendants. The propriety of this ruling is manifest, otherwise the will might be declared good as to some of the beneficiaries and void as to others. It will be seen from these cases that the rule has ever been subject to exceptions.

The spirit of the law has been greatly changed and modified by the code, and the later decisions, following this spirit, have reached the conclusion that a judgment is not to be regarded as an entirety in the sense of not being amendable or subject to correction, as to one of

the parties, unless the substantial rights of the others would be injuriously affected thereby. *State ex rel. v. Tate*, 109 Mo. 269, and cases there cited and reviewed. *Bensieck v. Cook*, 110 Mo. 183. That we take to be the true rule.

There only remains for determination in this case the question whether the other defendants, who are not complaining, would be unfairly prejudiced by vacating the judgment as to the minor defendant, who is complaining.

A judgment in these statutory suits for taxes is strictly one against the property alone, and does not bind the parties further than it may affect their interest in the property itself. Yet, unless one having an interest in the land is made a party to the suit, his interest is not affected by the judgment. *Allen v. McCabe*, 93 Mo. 138; *Williams v. Hudson*, 93 Mo. 524. The only effect the order vacating the judgment as to one defendant could have on the rights of the other defendants would be to charge the entire taxes upon their interest. The same effect would result should one owner be entirely omitted from the suit and judgment, yet the judgment in that case would be good, and would bind the interest of those made parties for the entire tax. *Allen v. McCabe, supra.*

The policy of the revenue law is to charge the land and every interest therein with the delinquent taxes and not to look to the owners, personally, for its payment. It leaves the owners, whose interests may be complicated, to adjust their rights among themselves. It is the duty of each owner, as between himself and the state, to pay the taxes charged against the land, and the law advises him that a neglect of that duty will render his interest subject to sale therefor. Such being the policy, as well as the letter, of the statute, we are unable to see that the other defendants can complain,

after judgment, that the interest of one of the parties was not bound by the judgment. The judgment, as amended, would only require what the law before judgment required, viz., the payment of the tax charge upon the land. There has been no sale under the judgment and parties can pay off and thereby relieve their land, as they might have done long ago, by payment of the taxes.

We are of the opinion that the judgment should have been vacated only as to plaintiff, and that it should stand good as to the other parties. Judgment reversed and cause remanded, with directions to correct the tax judgment by dismissing plaintiff therefrom. *Bensieck v. Cook, supra.* BLACK, C. J., concurs in the first paragraph but does not agree to what is said in the second. The other judges concur in both paragraphs.