## ESTES et al. v. NELL et al., Appellants.

### Division Two, June 11, 1901.

1. **Writ Coram Nobis: PARTITION: NEW TITLE.** Where there has already been rendered an interlocutory decree in partition, it is not error, when the commissioners' report comes in, to overrule a motion in the nature of a writ of *coram nobis* to make an attorney in the case, who has, pending the petition, taken a quitclaim deed to the interests of some of the heirs as a mortgage to secure the payment of his fee, a party to the partition, and thereby open up the whole case again.    The usual way to bring such matters before the court is by motion supported by affidavits or evidence, and it is allowed only when the movant has been prevented from making the defense, by surprise, accident, mistake or fraud of the adversary without fault on his own part.    And in this case it is held that the record of the deed might properly have been held to have imparted notice of its existence.

2. ——: ——: ——: **ESTOPPEL.** A party can not sit by and permit opposing counsel to proceed on the theory that they will not use certain facts in the defense of the cause until judgment is rendered and then bring it forward to overthrow such adjudication.

3. ———: ———: ———: DISCLAIMER. Where an attorney in a partition, after the interlocutory decree has been rendered, has been made a party, without exception, because he has since the suit was begun obtained a quitclaim deed from some of the heirs as security for his fee, and on the record he disclaims any interest in the land because of such deed, a final judgment therein estops him from ever claiming any interest in the land except an equitable lien for his fee, and it is not error under such circumstances to refuse to open up the whole case.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*H. C. Young* and *Thos. H. Musick* for appellants.

(1) The existence of the deed from plaintiff Estes to F. M. Mansfield, being a latent matter of fact unknown to the court and to defendants, the motion in the nature of a writ of eror *coram nobis,* lies. Marble v. Vanhorn, 53 Mo. App. 361; Dugan v. Scott, 37 Mo. App. 666; Randalls v. Wilson, 24 Mo. 76; Walker v. Deavers, 79 Mo. 664; Nunan v. St. Joseph, 126 Mo. 92; Picket v. Ledgerwood, 7 Pet. 144; Arnold v. Sanford, 15 Johns. 534; Campbell v. Bennett, 16 Wend. 48; Bigham v. Brown, 4 Sneed (Tenn.) 432; Phillips v. Russell, 1 Hemp. (C. C.) 62; Hawkins v. Bowers, 9 Gill & J. (Md.) 428; Jeffrey v. Fitch, 46 Conn. 604; Adler v. State, 35 Ark. 517; Sanders v. State, 85 Ind. 318; Fellows v. Griffin, 9 Smeed & M. (Miss.) 362; State v. Calhoun, 50 Kan. 523; Crawford v. Williams, 1 Swann (Tenn.) 341; McLemon v. Dwrivage, 92 Tenn. 482; Merritt v. Parks, 6 Hump. (Tenn.) 332; Crouch v. Mullenix, Heisk. (Tenn.) 478; Tucker v. James, 12 Heisk. (Tenn.) 333; State ex rel. v. Heinrich, 14 Mo. App. 146; Ex parte Page 49 Mo. 291; Ex parte Tony, 11 Mo.

661; Powell v. Gott, 13 Mo. 458; Latshaw v. McNees, 50 Mo. 381; Groner v. Smith, 49 Mo. 318; Heard v. Sack, 81 Mo. 616; Ex parte Gray, 77 Mo. 160; Craig v. Smith, 65 Mo. 536; State v. Horine, 63 Mo. App. 1; McQuillan's Practice, sec. 890; Green & Meyers' Practice, sec. 1153-4-5.   (2) The judgment on writ of *coram nobis* if in favor of plaintiff in error, is that judgment be set aside, and new trial granted. Therefore, defendants in this case are entitled to have the interlocutory judgment set aside, and to have new trial on the merits.   Holford v. Alexander, 12 Ala. 286; DeWitt v. Post, 11 Johns. 460; Arnold v. Sanford, 15 Johns. 534; Fellows v. Griffin, 9 Smeed & M. (Miss.) 362; Sanders v. State, 85 Ind. 318; Hirsh v. Weisberger, 44 Mo. App. 506; Latshaw v. McNees, 50 Mo. 381.   (3)   A valid judgment in partition can not be rendered unless all parties in interest are made parties to the action.   Knapp on Partition, p. 103; Lilly v. Menke, 126 Mo. 214; Thompson v. Holden, 117 Mo. 125; Hiles v. Rule, 121 Mo. 248; Dameron v. Jameson, 71 Mo. 99; Burhans v. Burhans, 2 Barb. 407; Aull v. Day, 133 Mo. 346; Bryant v. Russell, 137 Mo. 433; Estes v. Nell, 108 Mo. 172; Harbison v. Sanford, 90 Mo. 477; Raney v. Wall, 6 Wall. 285; R. S. 1899, secs. 4375, 4376, 4386.   (4)   A mortgagee or any other owner of lien must be made a party in partition.   Therefore, Mansfield's claim of being mortgagee is no excuse, and his interest should have been found by the court.   Knapp on Partition, p. 89; Loomis v. Riley, 24 Ill. 307; Cheney v. Hicks, 168 Ill. 533; Thompson v. Holden, 117 Mo. 125; Reinhart v. Wendick, 40 Mo. 577; Harbison v. Sanford, 90 Mo. 477; Revised Statutes 1899, secs. 4375, 4376, 4386.   (5)   F. M. Mansfield having been made a party to the record, it was the duty of the court to try, ascertain and find his interests, particularly as defendants claimed to have a defense against his interests.   R. S. 1899, sec. 4386; Smith v.

King, 81 Ind. 217.   (6)   The court should have sustained defendants' motion to be permitted to file their amended and supplemental answer as against said Mansfield, and then have heard evidence on the issue thereby raised.   R. S. 1899, secs. 4375, 4376, 4386.   (7)   If at any time before final judgment it is brought to the knowledge of the court that there are parties in interest who are not parties to the record, the pleadings must be amended and such parties brought in.   Lilly v. Menke, 126 Mo. 214; Aull v. Day, 133 Mo. 346; Gudgell v. Mead, 8 Mo. 54; Parkinson v. Caplinger, 65 Mo. 293; Bobb v. Graham, 89 Mo. 207; Hiles v. Rule, 121 Mo. 248; Harbison v. Sanford, 90 Mo. 481; Estes v. Nell, 108 Mo. 172.

*R. L. Goode, F. M. Mansfield* and *W. D. Tallow* for respondents.

(1)   A motion in the nature of a writ of error *coram nobis,* so far as recognized by the precedents in this State—is limited to the correction of judgments, based on an assumed fact, the existence of which was necessary to the validity of such judgment, and upon which the record was silent, and which was not a litigated or determined fact.   The following are instances in which it has been applied:   Party dead at time judgment was rendered; Dugan v. Scott, 37 Mo. App. 663; Judgment against insane person; Head v. Sack, 81 Mo. 610; Judgment against infant; Powell v. Gott, 13. Mo. 459; Randalls v. Wilson, 24 Mo. 76; Mehan v. St. Joseph, 126 Mo. 89. Judgment against married women as *feme sole;* Latshaw v. McNees, 50 Mo. 381; Walker v. Deaver, 79 Mo. 664.   Judgment against one of several defendants, who was not served, and appearances of attorney being by mistake and unauthorized; Craig v. Smith, 65 Mo. 536.   Judgment against resident on publication as non-resident; State ex rel v. Henrick,

14 Mo. App. 146; State ex rel. v. Horine, 63 Mo. App. 1; State ex rel. v. White, 75 Mo. App. 257. Minor under eighteen sentenced to penitentiary; Ex parte Gray, 77 Mo. 160. (2) There is no case to be found in the books where the writ was sustained on a fact that was in issue on the trial, and the parties appeared to the action and were under no disability. Bronson v. Schulton, 104 U. S. 416; Marble v. Van Horn, 43 Mo. App. 361; Howard v. State, 58 Ark. 229; Halford v. Alexander, 12 Ala. 280; Ingersoll v. Wilson, 3 Johns. 437; Carney v. McDonald, 10 Heisk. (Term.) 234; Birch v. Triste, 8 East, 415; Black on Judgments, sec. 300. (3) The circuit court took judicial notice of the fact that the interlocutory judgment in this case, expressly and affirmatively found that the plaintiffs were at the time of the commencement of this suit the owners of an undivided interest in the land, and this court will do likewise. State v. Jackson, 106 Mo. 175; State v. Daugherty, 106 Mo. 182; State v. Ulrich, 110 Mo. 350; Fears v. Riley, 148 Mo. 49; Dawson v. Dawson, 29 Mo. 521; Ollesheimer v. Mfg. Co., 44 Mo. App. 172. It is so admitted and stated in the answer which appellants ask leave to file and in their statement of the case on page 14 of their brief. Hence, appellants seek to set aside the interlocutory decree in the partition, after the term at which it was rendered, on this motion in the nature of a writ of error *coram nobis* for an alleged error of fact which was expressly adjudicated and determined by that decree. (4) The interlocutory judgment in partition is conclusive as to any fact which was in issue, and was necessarily decided therein, although there was no express finding thereon. State ex rel. v. Branch, 134 Mo. 592; Short v. Taylor, 137 Mo. 518. All issues that might have been raised and litigated in a case are as completely barred as if they had been directly adjudicated. Donnell v. Wright, 147 Mo. 639.

GANTT, J.—This is a suit to partition certain lands in Wright county, Missouri, between plaintiffs and defendants. An interlocutory decree was entered in the circuit court of Laclede county, to which the cause had been certified on a petition for a change of venue. From that decree the defendants prosecuted an appeal to this court; and the judgment of the circuit court was affirmed. [Estes v. Nell et al., 140 Mo. 639.]

Prior to the commencement of this partition proceeding, plaintiffs had commenced and prosecuted successfully an action of ejectment against these defendants, whereby the interest of plaintiffs in the lands was settled. On the trial of the partition suit, the statute of limitations was interposed as a defense, but this court, upon the authority of Snell v. Harrison, 131 Mo. 495, held the statute of limitations was not applicable, because the judgment in ejectment broke the continuity of the alleged adverse possession.

After the partition cause was remanded and on the seventeenth day of February, 1898, the defendants filed what they denominated a motion in the nature of a writ of *coram nobis,* the substance of which was and is that at the time plaintiffs brought this suit for partition they had no interest in the lands they sought to partition, but had previously to the commencement of this suit, conveyed the same by quitclaim deed to F. M. Mansfield, Esq., their attorney in said suit. This motion was filed after the commissioners had been appointed and had made their report in accordance with the interlocutory decree. Upon the filing of said motion, Mr. Mansfield filed his disclaimer of any and all interest in the lands set off and assigned to defendants by the commissioners.

The circuit court heard the evidence offered in support of the motion, from which it appeared that plaintiffs, J. J. and Agnes A. Estes and S. C. and Mary Estes had executed a quitclaim deed to part of the lands in suit to F. M. Mansfield,

June 1, 1886. The two attorneys for defendant testified they had no knowledge or information of the existence of this deed until December, 1897.

On the part of plaintiffs, Mr. Mansfield testified that, after the recovery of the judgment in ejectment, he commenced the suit in partition for plaintiffs. They had paid him a portion of his fee, but complained they were unable to pay all of it, and thereupon he took the quitclaim to a part of their interest as a security for his fee. It was treated by plaintiffs and himself simply as an equitable mortgage to secure his fee. He testified further that he told Col. Musick, one of defendant's attorneys, of the deed six or eight years before this motion was filed. Col. Musick on being recalled stated he had no recollection of Mr. Mansfield telling him of the execution of the quitclaim, but said he would not say it didn't occur. Thereupon, upon leave of the court, Mr. Mansfield was made a party and the court denied the motion.

No exception whatever was saved to Mr. Mansfield's evidence to the effect that he merely held the quitclaim as security for his fees, or to the making him a party to the suit.

The defendants then asked to file a new or amended answer to traverse Mansfield's title, and pleading the statute of limitations, which the court refused.

The court found as a matter of fact that Mansfield merely held an equitable mortgage on said land and Mansfield accepted the judgment as binding on him.

I. By their motion, defendants sought to set aside the interlocutory judgment which had been affirmed in this court upon the ground that the finding of the court that plaintiffs were the owners of certain interests in said land was not true. In a word, they sought, after the coming in of the commissioners' report, to open up the whole case and retry a fact which the court had found as a basis for its interlocutory decree, and

the question arises, can this be done under a writ of *coram nobis* or a motion like this? The proceeding is really a motion for a new trial.

The trial court heard the evidence and found as a fact that plaintiffs were still the bona fide owners of the shares set off to them and that Mr. Mansfield's quitclaim deed was merely an equitable mortgage as between him and his clients, the plaintiffs, and there was evidence from which it might have found that defendants' counsel had full knowledge of this arrangement to secure Mr. Mansfield's fee, some six or eight years before this motion was made.

Upon analogy to motions for new trial bottomed upon newly-discovered evidence, the court was fully justified in overruling the motion upon the showing made. But treating the paper as a motion in the nature of a writ of *coram nobis,* did the court err in refusing to set aside its judgment which had been affirmed by this court, and its order appointing commissioners, and open up the whole case upon the allegation that plaintiffs had made a quitclaim deed to their attorney prior to or pending the partition proceeding and after the plaintiffs' interest in the lands had been adjudged in ejectment?

The usual way of bringing such matters before the court, according to the practice in this State, is by motion supported by affidavits or evidence. [Ex parte Gray, 77 Mo. 160; Neenan v. St. Joseph, 126 Mo. 93, and cases cited.]

The proceeding has been invoked and relief granted when judgments have been rendered against minors who appeared by attorneys, married women, slaves, deceased persons and upon unauthorized appearance of counsel.

The motion or petition, it has been ruled, must show that the movant or petitioner was prevented from making the defense, by surprise, accident, mistake or fraud of the adversary without fault on his part.

Thus, in Dunnivant v. Miller, 1 Baxter (Tenn.), 227, the petition was held insufficient which alleged that the case was taken up out of order by accident or mistake, but failed to set forth in what the accident or mistake consisted.

Recurring now to the motion, it alleged the execution by plaintiffs of the quitclaim to their attorney, Mr. Mansfield; the ignorance of defendants of its execution; its filing for record July 8, 1897, and that Mansfield fraudulently concealed its execution. In support of this motion no proof was made when the deed was recorded, and counsel for defendant contented themselves with testifying they knew nothing of its existence. On the contrary, Mr. Mansfield testified positively that he told Col. Musick of its existence, and its purpose, and thereupon Col. Musick testified he would not say Mansfield had not so told him. If defendants' counsel had this knowledge, and did not avail themselves of it for six or eight years, their negligence in not bringing it to the attention of the court until the case had gone to judgment, and the report of the commissioners had been made, was gross, and estopped them from complaining when they did.

A party can not be allowed to sit by and permit opposing counsel and the court to proceed on the theory that they will not use certain facts in the defense of the cause until judgment is rendered and then bring it forward to overturn the solemn adjudications of the court.

Upon the showing made, the record of the deed might have imparted notice of its existence to defendants before they filed their answer, and at all events the actual knowledge imparted by Mr. Mansfield to Col. Musick, which the latter would not deny, made it obligatory upon the latter to avail himself in his first answer, if at all. We think the circuit court correctly ruled it was insufficient. As to the point that the evidence, that the quitclaim was a mere security for Mansfield's fee, was.

incompetent, the record discloses no exception was taken to it and of course that matter is not open for review in this court.

The subsequent deeds of Mansfield to Goode and Cravens were not counted upon for relief, and as Mansfield was made a party to the suit without objection or exception and disclaimed on the record all and any interest in the lands set off to defendants, and as the record completely estops Mansfield from claiming any other interest than an equitable lien for his fee as between himself and plaintiffs, it is clear that no reversible error was committed in overruling the motion to open up the case, and the judgment is affirmed.

*Sherwood, P. J.,* and *Burgess, J.,* concur.