ROBERTSON, Respondent, v. FULLER CONSTRUC-
TION COMPANY, Appellant.

### St. Louis Court of Appeals, December 12, 1905.

1. **MASTER AND SERVANT: Safe Place to Work: Prima Facie Case.** In an action for injuries caused to plaintiff by reason of being furnished an unsafe place to work while employed by the defendant, where the evidence showed that the plaintiff was engaged in carrying plank from where they were hoisted on the third floor of a building to the carpenters who were working them up, that a pile of planks which had just been hoisted was so negligently placed on the "skid" prepared for them that they fell upon the plaintiff and injured him, that the foreman of the defendant was present superintending the hoisting and ordered plaintiff to move the plank when the pile fell; plaintiff made out a prima facie case.

2. **PERSONAL INJURIES: Release: Fraud.** In an action for damages on account of personal injuries, where the defendant pleaded a release of plaintiff's claim, and plaintiff replied that it was obtained by fraud and testified that he signed the release without knowing its contents, but on the representation that it was a receipt for money which he supposed the defendant, his employer, was paying to help him along while he was disabled, this was sufficient to submit to the jury the question of whether the release was obtained by fraud.

3. ———: **Safe Place to Work: Pleading and Instruction.** In such case, where the plaintiff claimed he was injured on account of defendant's negligence in providing an unsafe place for him to work while employed by the latter, an instruction for the plaintiff and the allegations of the petition respecting the defendant's negligence are set out in full and held to correspond in all essential particulars.

4. ———: ———: **Fraud.** Where the plaintiff, in an action for injuries received on account of being put in an unsafe place to work by his employer, testified that he was in pain from his injuries when the defendant procured a relase from him for his claim, an instruction authorizing the jury to disregard the release if he was in "such mental condition through pain and sickness" when he signed it that he could not understand its contents, was not erroneous.

Robertson v. Fuller Constr. Co.

5. ——: ——: ——: **Tender.** In an action for personal injuries, where the defendant sets up a release and the plaintiff replies that the release was obtained by fraud, he must rescind or offer to repay the amount paid for the release before he can recover.

6. ——: ——: ——: ——: **Ignoring Issue.** In such case, where the reply, alleging the fraud, offered to pay back the consideration, but no evidence was offered touching the question at the trial, and the attention of the trial court was not called to it in any manner, the cause will not be reversed for failure to show tender on the part of the successful plaintiff.

7. **MASTER AND SERVANT: Safe Place to Work: Assumption of Risk.** Where a laborer was employed on the third story of a building to carry planks from where they were hoisted, to the carpenters who worked them up, he did not assume the risk of injury to him caused by the falling of a pile of planks so hoisted on account of being negligently placed.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Rassieur & Buder* for appellant.

The plaintiff's testimony showed that he had knowledge of the defective piling complained of and that it was one of the risks arising during the course of his employment, and assumed by him. There was no evidence of fraud in obtaining the release pleaded as a bar to the action, and there was no evidence of a return or even a tender to the appellant of the money obtained in consideration of its execution. Barney v. Railroad, 126 Mo. 372, 28 S. W. 1069; Feary v. Railway, 162 Mo. 75, 106, 62 S. W. 452; Davies v. Railway, 159 Mo. 1, 59 S. W. 982; Tanner v. Railway, 161 Mo. 497, 61 S. W. 826; Sharp v. Railway, 161 Mo. 214, 61 S. W. 829; Meily v. Railway, 81 S. W. 639; Thorp v. Railway, 89 Mo. 650, 2 S. W. 3; Steffen v. Mayer, 96 Mo. 420, 9 S. W. 630; Devitt v. Railway, 50 Mo. 302-305; Epperson v. Postal T. C. Co., 155 Mo.

346-372, 50 S. W. 795; 55 S. W. 1050; Roberts v. Missouri & Kansas Telephone Co., 166 Mo. 370-379, 66 S. W. 155; Steinhausen v. Spraul, 127 Mo. 541-562, 28 S. W. 620; 30 S. W. 102; St. Louis Cordage Co. v. Miller, 63 Fed. Rep. 551; Davis v. Ins. Co., 81 Mo. 265; Wojtylak v. Kan. & Tex. Coal Co., 87 S. W. 506; Och v. Railway, 130 Mo. 27, 31 S. W. 962. Instruction No. 1 allows plaintiff to recover for any negligence whatsoever in placing the sling of lumber on the skids, when the petition assigns the negligence to its being left with one end on and the other off the skid in a diagonal position, which rendered them likely to fall. Plaintiff is limited to the allegations of negligence made in his petition, and cannot recover in general for any negligence. Chitty v. Railroad, 148 Mo. 64, 49 S. W. 868; McMenamy v. Railroad, 135 Mo. 440, 37 S. W. 119; Waldhier v. Railroad, 71 Mo. 314; McCarthy v. Hotel Co., 144 Mo. 397, 46 S. W. 172; Adolph v. Columbia Pretzel Co., 100 Mo. 199. The said instruction is further erroneous in that there was no evidence upon which to base the portion of same with reference to negligence of the defendant. It is error to give an instruction where there is no evidence upon which to base it. Stone v. Hunt, 114 Mo. 66, 21 S. W. 454; State v. Hope, 102 Mo. 410, 14 S. W. 985; Evans v. Interstate Co., 106 Mo. 594, 17 S. W. 489; State v. Brown, 145 Mo. 680, 47 S. W. 789; Wilkerson v. Eilers, 114 Mo. 245, 21 S. W. 514. The court erred in giving instruction three at the instance of plaintiff. Said instruction proceeds on the theory that plaintiff was in such mental condition through sickness that he could not and did not comprehend or understand the contents of the release. There was no evidence on which to base said instruction. Kingsley v. Kingsley, 20 Ill. 208; Meka v. Brown, 84 Iowa 711. It does not require the jury to find that the money obtained through the execution of said release was ever returned to the defendant or tendered to it.

Robertson v. Fuller Constr. Co.

*J. W. Jamison* and *John T. Gose* for respondent.

Risks which an employee assumes result from no fault or neglect of the principal, but arise from the very nature of the thing to be done. Mechem on Agency, sec. 656. The servant never assumes any risk for the negligence of the master or his deputy. Zellars v. Light Co., 92 Mo. App. 107; Reed v. Railroad, 94 Mo. App. 371, 68 S. W. 364; Nash v. Doling, 93 Mo. App. 156. There are two classes of cases which must be distinguished. One is where a person executing an instrument is induced to believe that he is signing one kind of an instrument when in fact he is executing an instrument of a different character. In this class of cases the instrument is void because there was in reality no agreement or meeting of the minds. A party signing an instrument under such circumstances may ignore the existence of such a paper because it never had nor could have any effect. It does not stand as a bar to any right which he ever had. Our case belongs to this class of cases. And in such cases no return of consideration is necessary. Vautrain v. Railroad, 8 Mo. App. 543, aff. 78 Mo. 44; Girard v. Car Wheel Co., 123 Mo. 358, 27 S. W. 648; Railroad v. Brown, 83 S. W. 332; Railroad v. Lewis, 103 Ill. 120; Mullen v. Railroad, 127 Mass. 86; O'Brien v. Railroad, 57 N. W. 425; Johnson v. Granite Co., 53 Fed. Rep. 569.

BLAND, P. J.—Suit, commenced before a justice of the peace, reached the circuit court in due course, where, on a trial *de novo,* plaintiff recovered a judgment for three hundred dollars from which defendant appealed to this court.

Plaintiff was employed by defendant as a laborer and, on December 31, 1903, was put to work on the third floor of the postoffice annex, a large building then in the course of construction, on Eighteenth street, in the city of St. Louis. He was directed to carry flooring planks,

from twelve to fourteen feet long by two and one-half inches thick and five and one-half inches wide, from piles back some forty or fifty feet to where carpenters were engaged in laying the floor. The first and second floors had been laid. The flooring planks were raised to the third story by means of a derrick. From forty to fifty planks would be caught in a chain sling, then raised by the derrick to the third floor and there deposited on a skid (described as two flooring planks set up edgewise across the joists.) When landed on the skid they were carried by laborers, including the plaintiff, back to the carpenters, the laborers walking back and forth on a board girder running through the building. In the forenoon of the same day plaintiff was put to work carrying planks, his evidence shows, a hoist of planks was placed so they projected over the end of one of the boards forming the skid. When plaintiff took a plank off this hoist to carry it back to the carpenters, the pile fell over and struck him on the leg, causing him to lose his balance and fall to the second floor whereby he was injured.

Plaintiff's evidence is that he was working under one Bass, as a boss or foreman, who had charge of the derrick and superintended the hoisting and moving of the planks. Bass was on the third floor, when the hoist that toppled over was released from the sling, and ordered plaintiff and the other laborers present (as soon as the sling was released) to take hold and move the planks. There is nothing in plaintiff's evidence tending to show that he saw or could have seen, by the exercise of ordinary care, that the planks projected so far over the end of the skid as to be in danger of toppling over. He testified that one of the derrickmen stooped down and looked under the skid before the sling was released but that he (plaintiff) could not see how far the planks projected.

On the part of the defendant, the evidence tends to show that Bass was the foreman of the men working the

derrick but had nothing whatever to do with plaintiff and had no control over him; that plaintiff was put to work carrying planks by Gus Wehking, who was his foreman and directed where and how he should work. Wehking was not present when the accident occurred but testified that the planks were hoisted and carried away in the usual way in the construction of such buildings and that no complaint came to him from any of the men that anything was wrong or dangerous about the work.

Defendant read in evidence the following release:

"Whereas, the undersigned was injured on or about the thirty-first day of December, 1903, under circumstances which the undersigned claims renders George A. Fuller Construction Company liable to him for damages; and, whereas, said George A. Fuller Construction Company denies any liability for said injuries; and, whereas, both parties desire to compromise, and have agreed to adjust and settle the matter for the sum of ten and fifty-hundredths dollars; now, therefore, in consideration of said sum, which it is hereby acknowledged has been to me or in my behalf paid by said George A. Fuller Construction Company, I do hereby compromise said claim and release and forever discharge said George A. Fuller Construction Company, its agents and employees, from any and all liability by reason of said injuries. Witness my hand and seal this fourteenth day of January, 1904, at St. Louis, Mo.

"ROBERT ROBERTSON, (Seal)
"112 S. Tenth St.
"Witnesses: Mrs. F. Robertson, L. E. Melick."

In respect to the release, plaintiff testified that prior to his injury, several men had been hurt on the building and that he understood that defendant "helped them along" until they were able to work and, being without money, he sent his wife to the defendant to see if the company would help him; that a man came the next day and gave him ten dollars and fifty cents and

asked him to sign a receipt for it; that the paper was not read to him nor was he told what its contents were; that all the man said was "here, I want you to sign this receipt," and put his finger on the mark where he wanted plaintiff to sign; that it was dark in the room, too dark to see without a light, and he did not and could not read it, but signed it believing that it was only a receipt and that the company intended to pay him wages or part wages until he got able to work.

1.  Defendant offered a demurrer to the evidence, and complains of the court's refusal to sustain the same. For the purpose of the demurrer, the plaintiff's evidence must be taken as absolutely true and every reasonable inference therefrom must be drawn in his favor. If this is done, we think his evidence, that he was working under Bass and that Bass was present when the hoist of planks which fell was negligently placed in the skid, is sufficient to sustain the allegation that defendant negligently furnished the plaintiff with an unsafe place to work; for if Bass was in charge, it was undoubtedly his duty to see that the planks were so placed on the skid that they would not fall against the plaintiff and cause him to fall to the floor below. We also think the plaintiff's evidence tends to prove that his signature to the release was procured by imposition and fraud. If to procure the signature of a trusting man to a release of a cause of action, by misrepresenting its contents by telling him it is only a receipt, under circumstances where he could not read and when he was suffering pain from an injury, and not to read or offer to read the document to him, is not procuring his signature by fraud, then we misconceive the meaning of the term.

Defendant contends that the following instruction given for plaintiff is erroneous, for the reason, it is alleged, it is broader than the complaint:

"1.  If the jury find from the evidence that plaintiff was in the employ of the defendant on the thirty-first day of December, 1903, as a laborer and if the jury fur-

ther find from the evidence that on said day, while plaintiff was in the discharge of the duty of his employment at the postoffice annex, a pile of flooring fell against plaintiff, knocking him to the ground and injuring him, and if the jury further believe from the evidence that said flooring was caused to fall and injure plaintiff on account of being negligently and improperly placed on skids or supports; and if the jury further find from the evidence that one Bass was foreman for defendant, and by it authorized to control the piling of said lumber and the laborers doing same, as to the manner of doing said piling, and if the jury further find that Bass did not use ordinary care in causing said pile of flooring to be improperly placed in the supports, if you find it was so placed, and that thereby and as a direct result said flooring fell against plaintiff, throwing him to the ground below and injuring him; and if the jury further find from the evidence that the plaintiff at the time of and just preceding his injury, was exercising ordinary care, then the plaintiff is entitled to recover provided the jury further find, under the evidence and instructions, that the plaintiff did not agree to the paper release read in evidence as defined in the other instructions."

The complaint states:

"That plaintiff was directed to go on a side of this pile of plank where he was compelled to stand on a girder or beam about fourteeen inches wide with an open space back of him, leading to the ground or floor below. That the planks which he was carrying were about three inches thick, seven inches wide and about twelve to sixteen feet long. That the plank were so carelessly placed as to cause them to fall, which they did while he was standing with one plank in his hand on this beam or girder described above and as he was unable to secure himself, he was thrown down the open space to the floor below, a distance of about fifteen feet. Plaintiff further states that the said plank were raised by means of a steam engine, a number being raised at a

time, and the work was done under the supervision of a foreman in defendant's employ. They were deposited with each end on a skid so the chain could be removed. That the plank which were deposited and which slipped and fell against him were left with one end on and the other off the skid, in a diagonal position which rendered them likely to fall. That the defendant knew, or by the exercise of ordinary care could have known of the dangerous condition of said plank and that said condition was due to the carelessness and negligence of its foreman in charge of said work."

A comparison between the instruction and the allegations of negligence in the complaint shows that they correspond in all essential points and that the instruction is within the allegations of the complaint.

The court gave the following other instruction for plaintiff:

"2. If the jury find from the evidence in this case that the paper release read in evidence was signed by the plaintiff when he was in such a mental condition through pain and sickness that he could not and did not comprehend or understand its contents; and if the jury further believe from the evidence that defendant's agent took advantage of plaintiff's said condition, if you find it existed, to induce him to sign said paper, and that said agent, owing to plaintiff's said mental condition, induced plaintiff to sign said paper without understanding its contents, intending thereby to defraud the plaintiff, then said paper release is no defense to this action."

Defendant says this instruction is erroneous because it proceeds upon the theory that plaintiff was in such mental condition through sickness that he could not and did not comprehend or understand the contents of the release. Plaintiff testified he was in pain and was suffering from his injuries. The instruction is too narrow. It does not comprehend all the evidence tending to prove fraud in the obtention of the release, but it submitted nothing to the jury that was not in evidence. Its fault

is that it did not submit all the facts tending to prove fraud and imposition. Of this fault, defendant is in no position to complain. The further criticism is made that the instruction does not require the jury to find that the money obtained was ever returned to defendant or tendered to it.

In Och v. Railway, 130 Mo. 1. c. 45, 31 S. W. 962, the court approvingly quoted the following language from Cleary v. Electric Light Co., 19 N. Y. Supp. 951: ''The rule undoubtedly is that, where a party seeks to rescind the contract on the ground of fraud or imposition, he must tender a return of what he has received under it before he can maintain an action at law; and, in an action in equity, he must at least tender a return by his bill of complaint.''

That it is the settled rule that one who would shirk the disadvantages of a contract, not void as against public policy, or prohibited by statute, must restore or offer to restore what he has received under the contract, is established by the authorities cited in the Och case and by prior and subsequent decisions of the appellate courts of this State. An answer was filed in the case in which the release is pleaded as a bar to the action. Plaintiff filed a reply to this plea, alleging that the release was obtained by fraud and imposition and offering to pay back the ten dollars; but the question of tender was nowhere alluded to on the trial. It is not in the evidence, in the instructions or in the motion for a new trial. It was entirely lost sight of by counsel on the trial. A trial court is entitled to some consideration and should not be put in the wrong for failing to do that which it was never asked to do or be convicted of error for failing to rule on a point that was never called to its attention. The fact of non-tender was not used on the trial and cannot now be brought forward to overthrow the judgment. [Estes v. Nell, 163 Mo. 387.]

We think the plaintiff had a meritorious case. There

115 app—30

is no evidence tending to show that he was guilty of contributory negligence, nor did he assume the risk of the pile of planks falling on him. No such risk existed until it was created by the negligent landing of the particular pile of planks that fell against plaintiff, and he was not apprised of the danger of its falling until it fell, too late to guard against it.

No reversible error appearing, the judgment is affirmed. All concur.