William R. BONNER, D.O.,
Petitioner–Respondent,

v.

STATE BOARD OF REGISTRATION
FOR the HEALING ARTS,
Respondent–Appellant.

No. 25737.

Missouri Court of Appeals,
Southern District,
Division Two.

July 21, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., William E. Roberts, Office of Atty. Gen., Jefferson City, for Appellant

Craig R. Heidemann, Bolivar, for Respondent.

PER CURIAM.

The judgment on appeal concerns action by the State Board of Registration for the Healing Arts ("Board") against William R. Bonner, D.O. ("Dr. Bonner"). During the pendency of this case on appeal, the parties "entered into a written settlement agreement[ ]" and "[a]s a term of the parties' settlement ..., the parties have agreed that this Court should vacate the judgment of the circuit court and remand the case to the circuit court with instructions to dismiss Dr. Bonner's petition."

Because it appears that the parties, by settling their disputes, have mooted this appeal, we exercise our discretion to vacate the judgment and remand with instructions as requested by the parties. In doing so, we rely heavily on *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232 (Mo.App.1998), which held as follows:

"While we ... decline to declare a 'bright line' rule as to vacatur, we conclude that the normal practice should be to vacate the judgment when one or more parties requests such action in a case moot on appeal.... This power has been recognized in Missouri law going back to at least as early as *Neenan v. City of St. Joseph,* 126 Mo. 89, 28 S.W. 963, 965 (1894). This is consistent with the modern majority rule."

*Id.* at 243.

Having concluded that this case is moot and does not fall within the public interest exception to the mootness doctrine, this court, pursuant to the stipulation of the parties, dismisses the appeal and remands the case to the trial court with instructions to vacate its judgment and dismiss Dr. Bonner's petition.