**PRECISION INVESTMENTS, L.L.C., et al., Respondents,**

v.

**CORNERSTONE PROPANE, L.P., Appellant.**

No. 26295.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 2, 2007.

Michael Keith Cully, Springfield, MO, for Appellant.

Darren Keith Sharp, Kansas City, MO, for Respondents.

Before LYNCH, C.J., GARRISON, J., BARNEY, P.J., & RAHMEYER, J.

PER CURIAM.

Appellant, Cornerstone Propane, L.P., appeals from a judgment of the Circuit Court of Laclede County. During the pendency of the appeal, the parties filed a stipulation in this Court stating that "[t]he parties have settled this matter subject to certain conditions." The stipulation further states as follows:

All conditions of the settlement have been satisfied except the following:

(a) Remand of the pending appeal to the Circuit Court of Laclede County, Missouri with directions as outlined in [this stipulation]; and

(b) Entry of an order by the Circuit Court of Laclede County, Missouri:

(1) vacating Appellant's appeal bond;

(2) vacating the trial court's judgment; and

(3) ordering that any and all judgment liens on property owned by Appellant or Appellant's successors or assigns be released by Respondent within ten (10) days after the judgment is vacated by the trial court.

Because it appears that the parties, by settling their disputes, have mooted this appeal, we exercise our discretion to vacate the judgment and remand with instructions as requested by the parties. In doing so, we rely heavily on *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232 (Mo.App.1998), which held as follows:

> While we ... decline to declare a "bright line" rule as to vacatur, we conclude that the normal practice should be to vacate the judgment when one or more parties requests such action in a case moot on appeal.... This power has been recognized in Missouri law going back to at least as early as *Neenan v. City of St. Joseph*, 126 Mo. 89, 28 S.W. 963, 965 (1894). This is consistent with the modern majority rule.

*Id.* at 243; *see also Bonner v. State Bd. of Registration for the Healing Arts*, 167 S.W.3d 293 (Mo.App.2005).

Having concluded that this case is moot and does not fall within the public interest exception to the mootness doctrine, this Court, pursuant to the stipulation of the parties, dismisses the appeal and remands this case to the trial court with instructions to: (1) vacate appellant's appeal bond; (2) vacate the judgment in this matter; and (3) order respondent to release any and all judgment liens on property owned by appellant or appellant's successors or assigns within ten days after the judgment is vacated.