**STATE of Missouri, ex rel., Jeremiah W. (Jay) NIXON, Attorney General, Respondent,**

v.

**VACATION TRAVEL, L.L.C., a Missouri Limited Liability Company, d/b/a Vacation Travel Outlet and/or Vacation Travel Outlet, L.L.C., Thomas Wood, Denver Wood, and David Large, Appellants,**

**and**

**Clint Sweet and Jay Dayle, Defendants.**

No. 28262.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 19, 2007.

Brian E. McGovern, Timothy J. Ahrehoersterbaeumer, Chesterfield, for Appellant.

Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for Respondent.

Before BARNEY, P.J., RAHMEYER, J., and LYNCH, C.J.

PER CURIAM.

Appellants appeal from an "Order and Judgment" of the Circuit Court of Taney County entered December 14, 2006. During the pendency of the appeal, the parties presented this Court with joint filings stating that they had agreed "to settle this matter by seeking to amend the Order and Judgment issued by the Circuit Court of Taney County" and representing that they had "reached final agreement on all settlement terms." In support, the parties presented a "Joint Motion and Stipulation to Amend Order and Judgment" accompanied by a proposed, stipulated "Amended Order and Judgment." The parties also submitted the proposed "Amended Order and Judgment" to the trial judge for review. In a letter directed to the clerk of this Court, which was unsolicited by this Court, the trial judge has stated that it would be his intention to execute the proposed "Amended Order and Judgment" if the case were remanded.

Because it appears that the parties, by settling their disputes, have mooted this appeal, we exercise our discretion to dismiss the appeal and remand with instructions to vacate the judgment to effectuate the parties' settlement. In so doing, we rely on *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232 (Mo.App. 1998), which held as follows:

> While we ... decline to declare a "bright line" rule as to vacatur, we conclude that the normal practice should be to vacate the judgment when one or more parties requests such action in a case moot on appeal.... This power has been recognized in Missouri law going back to at least as early as *Neenan v. City of St. Joseph*, 126 Mo. 89, 28 S.W. 963, 965 (1894). This is consistent with the modern majority rule.

*Id.* at 243; *see also Precision Investments, L.L.C. v. Cornerstone Propane, L.P.*, 231 S.W.3d 286 (Mo.App.2007); *Bonner v. State Bd. of Registration for the Healing Arts*, 167 S.W.3d 293 (Mo.App.2005).

Having concluded that this case is moot and does not fall within the public interest exception to the mootness doctrine, this Court dismisses the appeal and remands this case to the trial court with instructions to: (1) vacate the "Order and Judgment" entered December 14, 2006; and (2) enter

the parties' stipulated "Amended Order and Judgment."