CHILES & WIFE, Plaintiffs in Error, *vs.* BARTLESON & OTHERS, Defendants in Error.

1. A testator "willed and bequeathed" certain negroes and all his land to his wife, and, in a subsequent section, provided that, at her death, the "bequests" to her should be equally divided among his four children, and after specific legacies to the children, concluded his will with the declaration that all the bequests in it to his two daughters were "to them and the heirs of their bodies." *Held* that his intention was, to give a life estate in the land to his wife, remainder in fee simple to his sons and in fee tail to his daughters; and that under our statute, (R. C. 1845, tit. conveyances, § 5,) the effect was to give the daughters a life estate, remainder in fee to their children.

*Error to Jackson Circuit Court.*

This was a petition for partition filed by Henry T. Chiles and his wife, who was a daughter of John Bartleson, against the defendants, who were also children of said Bartleson. John Bartleson died seized of the land, leaving a will, the material provisions of which are as follows:

§ 3. I will and bequeath unto my beloved wife, Frances Bartleson, my negro man, Charles, his wife, Clara, and their four children, and all of my lands, with the appurtenances thereunto belonging, with a sufficiency of stock to support the farm.

§ 8. And further, after the above and foregoing bequests have been complied with, then out of the remainder of my estate, it is my will that the bequests made to my four children shall be made equal, according to my estimate, valued agreeably to their several bequests; the residue of my estate to be equally divided between my wife and four children. *And further*, it is my will that the bequests made to my wife, Frances, at her death, be equally " *divided between my four children.*"

" *Be it known to all, that the bequests made to my two daughters in my above and foregoing will are made to them and the heirs of their bodies.*"

The fourth, fifth, sixth and seventh sections of the will make specific bequests to each of the testator's four children, two sons and two daughters.

The Circuit Court held that the daughters were entitled to a life estate, " remainder in fee to the heirs of their bodies," and gave judgment of partition accordingly.

*Smart & Sheley*, for plaintiffs in error. 1. The third clause of the will vested in the widow an estate in fee simple in the land, and at her death the same descended to her heirs, who are the plaintiffs and defendants. 2. If the eighth clause of the will operates upon the third, and vested in the widow a life estate, then the clause restricting the estate to the daughters being contrary to the statute in operation, the fee vested in the daughters immediately upon the death of the testator, subject to the widow's life estate. (10 Barb. Sup. Ct. Rep. 388. 2 Selden, 420. 3 Denio, 485. 2 Johns. Cases, 384. 2 Comstock, 386. 3 Selden, 259.) 3. The clause attempting to restrict the estate willed to the daughters operates only upon the clauses making specific bequests to them, and not upon the remaining portion of the estate. The testator uses the word " bequests."

*Napton*, for defendants in error. The construction placed on this will by the Circuit Court, and which is believed to be correct, is, that a life estate was given to Mrs. Bartleson, with remainder in tail to her two daughters, which latter is converted by our statute into an estate for life. In the third clause an absolute estate is given to the wife, but the eighth clause reduces this to a life estate, and the concluding portion of the eighth clause makes the daughters tenants in tail. Some reliance seems to be placed upon the use of the word " bequests," which it is said only applies to personal property, and therefore that the eighth clause was not designed to affect the land mentioned in the third ; but an examination of the will shows that the word was used generally by the testator, to apply to both real and personal property. It is evident that the testator had no knowledge of the technical distinction between *devises,*

*bequests,* &c. The cases cited from New York, where the rule in Shelly's case was not then abolished, have no application here.

LEONARD, Judge, delivered the opinion of the court.

The intention of the testator is plain enough ; the whole will must be read together, and effect given to every clause of it, and the words used are to be understood in the sense indicated by the whole instrument. Our duty, in the language of our own statute, is " to have regard to the true intent and meaning of the testator." The father gives his land to his wife, then provides that, upon her death, it shall be divided between his four children, and after various specific gifts to them, concludes his will with the express declaration that the bequests in it to his daughters " are made to them and the heirs of their bodies." His intention, manifestly, is to give the land to his wife during her life only, with remainder to his children, to his sons in fee simple, and to his daughters in fee tail. This limitation, extending to every thing, the daughters received under the will— the statue (tit. " Conveyances," sec. 5,) however intervenes, and converts what would otherwise have been under the British statute of entails, an estate tail in the daughters in the land, into an estate for life only, with remainder over in fee to their children ; and such, therefore, is the legal effect of the will, and we know of no rule of law that invalidates this disposition of the property. Certainly, the cases cited from New York have nothing to do with the matter.

The decision of the Circuit Court that the daughters take estates for their lives only, in the land sought to be divided, is most clearly right, and the judgment is affirmed.