MULDROW v. WHITE, *Appellant.*

**The Rule in Shelley's Case** was in force in this State in 1836, and a conveyance then made, *habendum* to A during his natural life for his use and benefit, and, after his death, in fee simple to his heirs, vested in A an estate in fee.

*Appeal from Audrain Circuit Court.*—HON. GILCHRIST POR-
TER, Judge.

Ejectment to recover the s e qr., n e qr., Sec. 35, T. 51 R 9 w., in Audrain county. Plaintiffs claimed as children and heirs at law of John G. Muldrow, deriving title through him from George F. Muldrow, their grandfather, under the deed set out in the opinion. Defendant claimed through a deed from John G. Muldrow. At the trial in the circuit court the defendant requested the court to declare, as matter of law, that the deed from Geo. F. Muldrow conveyed to John G. Muldrow a fee to one-fourth of the land. This request was refused, and the court declared that it conveyed to him a life estate with remainder to his heirs. Plaintiffs had judgment, and defendant appealed.

*W. O. Forrist, Ira Hall* and *McFarlane & Trimble* for appellant.

*C. T. Quisenberry* and *Thomas H. Musick* for respondents.

NAPTON, J.—This case depends altogether on the construction of the following passage in a deed of George F. Muldrow, of Marion county, executed on the 29th day of June, 1836. The granting clause in the deed, which is made in consideration of natural love and affection and of one dollar, is that " I do by these presents give, grant, bargain and sell," and the grantees are his four children, John G., Charles A., Sarah I. and Mary. The following is a description of the lands and of the estate conveyed in

them. "And to the said John G. Muldrow and Charles A. Muldrow, and to the said Sarah I. Muldrow and Mary Muldrow, during their natural lives, and for their use and benefit, and after their death, in fee simple to their heirs, each the one undivided fourth part of the east half of the north east quarter of section 35, and the northwest quarter of the northeast quarter of said section 35, in township 51, range 9 west."

The English common law, as declared in Shelley's case, was adopted in this territory in 1816, and that rule was not abolished until the revision of 1845. The 7th section of the act concerning conveyances then declared that "when a remainder shall be limited to the heirs or heirs of the body of a person to whom a life estate in the same premises shall be given, the persons who, on the termination of the life estate, shall be the heirs or heirs of the body of such tenant for life, shall be entitled to take as purchasers by virtue of the remainder so limited in them." The rule of law established in Shelley's case was, that "when the ancestor, by any gift or conveyance, takes an estate of free-hold, and in the same gift or conveyance an estate is limited, either immediately or mediately to his heirs in fee or in tail, in such cases the word heir is a word of limitation," and consequently the ancestor is seized of an estate in fee by virtue of the conveyance or gift. Cruise on Real Property, Title "Deed," Ch. 23. The 16th section of the act concerning Wills in the Revised Code of 1825, abolishes this rule so far as it relates to wills. In regard to contracts, they were prohibited by the act of January 19th, 1816; and the 5th section of the act concerning conveyances in the revision of 1835, gives the first taker under the rule in Shelley's case only an estate for life. In the present case the deed was executed in 1836, and of course must be governed by the law then in force. The opinion of this court in *Riggins v. McClellan*, (28 Mo. 23,) was based on the law of Kentucky, and is therefore not applicable, and the case of *Tesson et al. v. Newman*, (62

Mo. 198,) was the construction of a deed made in this State in 1852. Both cases admit the existence of the rule in this State in regard to conveyances prior to 1845.

The judgment of the circuit court must therefore be reversed and the cause remanded. The other judges concur.

REVERSED.