EMMERSON, *by Curator*, v. HUGHES *et al.*, *Appellants*.

Division One, June 20, 1892.

1. Land Title: ESTATE TAIL: RULE IN SHELLEY'S CASE. A conveyance of land "to C. for her natural life with remainder to the heirs of her body" creates at common law by virtue of the rule in *Shelley's case* an estate tail in C.

2. ———: ———: ———: CONTINGENT REMAINDER. Under the Revised Statutes, section 8838, abolishing the rule in *Shelley's case,* such estate tail is converted into a life-estate in the first taker with a contingent remainder in fee simple over in favor of the persons answering the description of heirs of the body of the tenant for life.

3. ———: CONVEYANCE OF CONTINGENT REMAINDER. A conveyance of such contingent remainder by one of the heirs of the tenant for life in the lifetime of the life tenant passed no title.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Thomas Shackleford, W. R. Gist* and *Draffin & Williams* for appellants.

(1) Under the deed conveying the land to "Mary R. Godman, for and during her natural life, and with remainder to the heirs of her body," her children living at the date of the deed took a vested remainder, and the conveyance executed by the said Mary R. Godman and her children passed the title in fee to the parties through whom defendants claim. *Chiles v.*

*Bartleson*, 21 Mo. 344; *Phillips v. La Forge*, 89 Mo. 72; *Jones v. Waters*, 17 Mo. 587; *Rodney v. Landau*, 104 Mo. 587; *Waddell v. Waddell*, 99 Mo. 338; 2 Leading Cases in American Law of Real Property, 273; *Lehndorf v. Cope*, 13 N. E. Rep. 505; 1 Greenleaf's Cruise on Real Property, p. 227; *Farrar v. Christy*, 24 Mo. 453; *Harbison v. Swan*, 58 Mo. 147; *McDaniel v. Allen*, 64 Miss. 417. (2) The law favors vested estates, and no remainder will be construed to be contingent, which may, consistently with the intention, be deemed vested. *Jones v. Waters*, 17 Mo. 587; *Chew v. Keller*, 100 Mo. 362. (3) The statutes—now section 8838 and section 8911 of the revision of 1889—were enacted for the same purpose, that of abolishing the rule in *Shelley's case*. The former was enacted in 1845 to abolish the said rule in reference to deeds, and the latter in 1825 for the same purpose in reference to wills. *Riggins v. McClellan*, 28 Mo. 23, 29. The section in reference to wills declares that such a devise shall vest an estate for life only in such devisee, and remainder in fee simple in such children. The two sections being intended to accomplish the same result, if the language under consideration in a devise would, under the statute in reference to wills, be construed to create a vested remainder in the children of the life-tenant, the statute in reference to deeds ought not to be held to give a different effect to the same language.

*Samuel Boyd* for respondent.

(1) The deed from O'Bannon to Mary R. Godman did not vest any interest whatever in Mrs. Emmerson. While she was an heir apparent, she having died before her mother— the life-tenant—could not be one of the "heirs of the body of her mother, Mary R. Godman. There is nothing in the language of the deed which

indicates that the words, "heirs of her body," were used in any other than their ordinary legal signification—lineal descendants in succession. (2) The rule in *Shelley's case* is not in force in this state, and the deed from O'Bannon created a contingent remainder. *Person v. Newman*, 62 Mo. 199; *Aubuchon v. Bender*, 44 Mo. 566; *Emison v. Whittlesey*, 55 Mo. 255; *Delassus v. Gatewood*, 71 Mo. 371; *Richardson v. Wheatland*, 7 Met. 169; 2 Leading Cases on American Law of Real Property, 321; Tiedeman on Real Property, 345, and note; R. S. 1889, sec. 8838.

BLACK, J.—This is an action of ejectment to recover the undivided one-fifth of about two hundred acres of land. The suit was brought against Charles H. Hughes, who was the tenant of H. C. Simmons. Simmons appeared and was made a defendant upon his own motion. The cause was tried upon agreed facts, from which it appears that Elizabeth O'Bannon and her husband, by their deed, dated the twenty-sixth of October, 1868, conveyed the land to "Mary R. Godman for and during her natural life, and with remainder to the heirs of her body," *habendum* "to have and to hold the premises hereby conveyed unto the said Mary R. Godman during her natural life, then to the heirs of her body and assigns forever."

At the date of this deed, Mary R. Godman had six children living. It is agreed that she had then reached such an age as to render future issue impossible. She, her husband and the six children executed and delivered deeds conveying all their interest in the land, and the defendant Simmons claims title under these deeds. After the execution and delivery of these deeds by Mary R. Godman, her husband and the six children, one of the children died without issue, and another

one, a daughter, married Henry S. Emmerson. Mrs. Emmerson died in February, 1880, leaving the plaintiff as her only child, and Mary R. Godman died in 1888, leaving two sons and two daughters and the plaintiff, her grandson, as her only heirs-at-law.

The case turns upon the construction of the deed to Mary R. Godman. If the plaintiff's mother took a vested remainder by that deed, then he cannot recover, for in that event his mother's deed conveyed that interest; but if she took a contingent remainder only then he is entitled to recover.

The cases of *Chiles v. Bartleson*, 21 Mo. 344, and *Phillips v. La Forge*, 89 Mo. 72, to which we are cited, show that a devise or conveyance of land to one and the heirs of his body creates an estate in fee tail at common law, and that the statute converts that estate into a life-estate in the first taker, remainder in fee simple to the persons to whom the estate tail would go on the death of the first grantee. The section of the statute to which reference is here made is section 5, chapter 32, Revised Statutes, 1845, enlarged and extended by section 4, page 442, General Statutes, 1865, and now section 8836, Revised Statutes, 1889. But all this does not show or tend to show that this deed created a vested remainder in Mrs. Emmerson. Here the deed by its own terms created a life-estate in Mary R. Godman with remainder "to the heirs of her body." Now there is nothing in this deed from which we can say that the word "heirs" means children, and this being so, we must give to it its ordinary legal signification. As no one can be the heir of a living person, it must follow that there was, at the date of the deed, an uncertainty as to who would take in remainder; for it could not be told who would be the heirs of Mary R. Godman until her death. This uncertainty as to the persons who are to take in remainder is the very thing which creates one

class of contingent remainders. This has been pointed out in numerous cases in this court, and it is sufficient to cite *Rodney v. Landau*, 104 Mo. 251, and the cases there cited.

The deed here in question would, it is believed, create an estate tail at common law under the influence of the rule in *Shelley's case*. Section 8838, Revised Statutes, 1889, first enacted in 1835, abolishes the rule in *Shelley's case (Riggins v. McClellan*, 28 Mo. 23; *Tesson v. Newman*, 62 Mo. 198; *Muldrow v. White*, 67 Mo. 470), and at the same time declares what effect shall be given to a deed like the one now in question. It provides: "Where a remainder shall be limited to the heirs, or heirs of the body, of a person to whom a life-estate in the same premises shall be given, the persons who, on the termination of the life-estate, shall be the heirs or heirs of the body of such tenant for life shall be entitled to take as purchasers in fee simple, by virtue of the remainder so limited in them." By force of this section, those persons who were the heirs of the body of Mary R. Godman at the termination of the life-estate, that is to say at her death, took the estate in fee simple. As Mrs. Emmerson died during the life of her mother, the life-tenant, she was not an heir of her mother. The plaintiff, through his deceased mother, Mrs. Emmerson, became and was an heir of Mrs. Godman; for the expression, "heirs of the body," means and includes lawful issue, children, and through them grandchildren in a direct line. 1 Washburn on Real Property, 72.

The statute just quoted converted the estate tail, created by the deed at common law, into a life-estate in the first taker with a contingent remainder in fee simple in favor of those persons who should answer the description of heirs of the body of the tenant for life.

The plaintiff answers that description, and he is entitled to the one-fifth of the property. The judgment is accordingly affirmed. BARCLAY, J., absent; the other judges concur.