ELIZABETH LIGGETT KENNARD v. ELLA L. WIGGINS, Appellant.—160 S. W. (2d) 706.

Division One, July 25, 1941.

As Modified on Denial of Rehearing, December 16, 1941 and February 26, 1942.

Motion to Transfer to Banc Overruled, April 16, 1942.

*Daniel N. Kirby* and *Nagel, Kirby, Orrick & Shepley* for appellant.

*Paul Bakewell, Jr.,* for respondent.

290

 BRADLEY, C.—This is an action in separate counts to have declared void, on the alleged grounds of fraud, mistake or accident, a paragraph in a decree construing a will; to determine title to real estate and to account for the rents and profits therefrom; and to have certain personal property transferred to plaintiff and to account for the income therefrom. The trial court found for plaintiff on all three counts and defendant appealed. The property concerned is of the value of "several hundred thousand dollars."

The background of this cause is the will (executed June 5, 1893) of John E. Liggett, who died November 23, 1897. Among others named in the will were testator's wife (who died May 15, 1909) and his three daughters, Ella L. Wiggins (Scott when will was executed), Dolly L. Kilpatrick, and Cora B. Fowler. A trust estate was created by the third clause of the will, and the husbands of the three daughters were the trustees. Trustee Scott died and thereafter Ella L. married Charles Wiggins, who became a trustee. The trust period expired April 4, 1916, and thereafter (May 15, 1920) suit to construe the will was filed by the three daughters, and joining as plaintiffs were the husbands of Ella L. Wiggins and Cora B. Fowler. Dolly L. Kilpatrick's husband was then dead. The defendants in the will construction suit were all of the then living descendants of the testator, together with the respective husbands and wives of those who were married, and Charles Wiggins and John Fowler, husbands of Ella L. and Cora B., were made defendants in their capacity as trustees. At the time of the will construction suit Dolly L. Kilpatrick had a daughter, Mary Lois Perry (now Mary Lois McIntosh), and a minor granddaughter, under the age of 14 years, Elizabeth Liggett Scudder, daughter of a deceased daughter of Mrs. Kilpatrick. Elizabeth Liggett Scudder is now Elizabeth Liggett Kennard, plaintiff in the present case.

In the will construction suit the three daughters contended that, under the will, they took a fee interest instead of a life estate. The trial court held that they took a life estate only and they appealed to this court. On April 3, 1925, the judgment of the trial court was affirmed. [See Wiggins et al. v. Perry et al. (Mo. Sup.), 271 S. W. 815.] In the third clause of the will the testator devised to the trustees certain stock of the Liggett Realty Company.

"In trust, nevertheless, for the following uses and purposes, that is to say, to promptly pay over to my said wife, Elizabeth J. Liggett, for and during the term of her natural life, and in lieu of all dower in my estate, all rents, profits, earnings, income and dividends made and declared on my said stock of the said Liggett Realty Company, as and when the same shall at any time be received from said company by my said trustees.

"After the death of my said wife then my said stock of the Liggett Realty Company shall be further held by my said trustees under this trust for the sole benefit and behoof of my daughters, Dolly L.

Kilpatrick, wife of said Claude Kilpatrick, Cora B. Fowler, wife of John Fowler, and Ella D. Scott, wife of said Mitchell Scott, to their sole and separate use, free and clear of an estate by courtesy, interest, or control of this said present or any future husband of them, or either of them, *for and during the natural lives of my said daughters, in equal portions, share and share alike, with remainder over as to the undivided share aforesaid, of each one, to the heirs of the body of each one of my said daughters as their absolute property, per stirpes and not per capita; but should any of my said daughters die without issue then her portion of said ¡Realty Company stock herein bequeathed to her for life shall go to the survivor and survivors of my said daughters in equal portions for life, with remainder over, as to such portion, to the heirs of the bodies of such as shall die leaving issue of their bodies absolutely, share and share alike, per stirpes"* (italics ours).

The decree in the will construction suit contained the following:

"And it is further adjudged and decreed by the court that upon the death of said Cora B. Fowler, said property (devised to Cora B.) shall go to and vest absolutely, *per stirpes* and not *per capita* in her then surviving issue, if any; but in default of such issue, then said property shall go as follows:

"*If both her sisters Ella L. Wiggins and Dolly L. Kilpatrick, shall survive her, then an undivided one half interest in said property shall go to and vest in each of said sisters for her life, and on the death of either of them, the undivided one half interest therein of the one so dying shall go to and vest in the survivor for her life, and upon her death the whole of said property shall go to and vest absolutely in the then surviving issue of said Ella L. Wiggins and Dolly L. Kilpatrick, share and share alike, per stirpes and not per capita*" (italics ours).

The italicized paragraph from the decree is the one in question. Plaintiff contends that the above italicized portion from the will is not susceptible of such construction and that such was brought about by fraud, accident, or mistake.

July 19, 1928, some three years after the will construction decree was affirmed, Cora B. Fowler died without issue; her two sisters, Ella L. Wiggins and Dolly L. Kilpatrick, survived her. And it is conceded that upon the death of Cora B. Fowler her 1/3 portion passed for life in equal portions (1/6) to each of her sisters. Dolly L. Kilpatrick died August 10, 1928, less than a month after the death of Cora B. Fowler. Dolly L. was survived by her sister, Ella L. Wiggins, and by her daughter, Mary Lois Perry, now Mary Lois McIntosh, and by her granddaughter, Elizabeth Liggett Scudder, now Elizabeth Liggett Kennard, plaintiff in this cause. Under the construction in the decree in the will construction suit, the 1/6 interest, passing for life to Dolly L. Kilpatrick upon the death of ▮▮▮ Cora

B. .Fowler, passed for life to Ella L. Wiggins. Plaintiff, however, says that upon the death of her grandmother, Dolly L. Kilpatrick, if the will had been construed correctly, the 1/6 would have passed, in equal portions, to her and her aunt, Mary Lois Perry, now Mary Lois McIntosh, 1/12 to each.

Since shortly after the death of Dolly L. Kilpatrick, constant effort has been made to right the wrong alleged to have resulted by reason of the challenged paragraph in the will construction suit decree. June 29, 1929, Mary Lois McIntosh filed a suit at law in the federal court at St. Louis, to determine interest in the 1/12 undivided interest claimed by her. Judge Charles B. Faris, district Judge at that time, sustained the defense of *res adjudicata*. Appeal was taken to the United States circuit court of appeals, but no proper exceptions were preserved and on the record proper the judgment was affirmed. [See Perry v. Wiggins, 57 Fed. (2d) 622.] March 21, 1931, Mary Lois McIntosh filed in the federal district court at St. Louis, a second suit, a suit in equity, the general purpose of which is about the same as the present suit. That suit is still pending. Also, on March 21, 1931, Elizabeth Liggett Kennard filed the present suit. March 31, 1933, the present plaintiff and Mary Lois McIntosh filed in the circuit court (St. Louis) a motion for an order *nunc pro tunc* in the will construction suit. The purpose of the *nunc pro tunc* proceeding was to have the disputed paragraph in the will construction suit decree so corrected and modified as to read: "If both her sisters, Ella L. Wiggins and Dolly L. Kilpatrick, shall survive her (Cora B. Fowler), then an undivided one half interest in said property shall go to and vest in each of said sisters for her life, and on the death of either of them, the undivided one half interest therein of the one so dying shall go to and vest in the heirs of her body."

The circuit court refused such *nunc pro tunc* order and movants appealed to this court. The judgment refusing a *nunc pro tunc* order was affirmed November 12, 1936. [See Wiggins et al. v. Perry et al., 343 Mo. 40, 119 S. W. (2d) 839.] After the opinion in the *nunc pro tunc* proceeding went down various motions and petitions were filed, and these delayed the going down of the mandate until September 29, 1938. The trial in the present cause was commenced on April 24, 1939, and final judgment entered February 8, 1940.

■ It is contended that the construction given in the challenged paragraph of the decree is the correct construction. If so, there has been much ado about nothing.

Secs. 563 and 3500, R. S. 1939, 1 Ann. Stat., Sec. 562, p. 341, and 3 Ann. Stat., Sec. 3110, p. 1938, read as follows:

Sec. 563: "If any person, by last will, devise any real estate to any person, for the term of such person's life, and, after his or her death, to his or her children or heirs or right heirs in fee, such devise

shall vest an estate for life only in such devisee, and remainder in fee simple in such children.''

Sec. 3500: ''Where a remainder shall be limited to the heirs, or heirs of the body, of a person to whom a life estate in the same premises shall be given, the persons who, on the termination of the life estate, shall be the heir or heirs of the body of such tenant for life shall be entitled to take as purchasers in fee simple, by virtue of the remainder so limited in them.''

''Under these sections the vesting of the fee simple estate devised or conveyed is postponed *until the termination of the life estate,* and made to vest in the persons *who are the heirs of such tenant for life* at that time . . .'' (italics ours). [Brock v. Dorman et al., 339 Mo. 611, 98 S. W. (2d) 672, l. c. 674.] By all the rules of construction the term *heirs of the body,* as used in the Liggett will, paragraph above quoted, means the heirs of the body of a daughter, *at the time* of the death of the daughter, and not at the time of the death of the last surviving daughter. [Campbell et al. v. Spotts et al., 331 Mo. 974, 55 S. W. (2d) 986, l. c. 990; Cox v. Jones et al., 229 Mo. 53, l. c. 65, 129 S. W. 495; Miller et al. v. Ensminger et al., 182 Mo. 195, l. c. 204, 205, 81 S. W. 422; Nichols et al. v. Robinson et al., 277 Mo. 483, 211 S. W. 11; Emerson v. Hughes et al., 110 Mo. 627, l. c. 631, 19 S. W. 979; Owen v. Trail et al., 302 Mo. 292, 258 S. W. 699.] Hence, when Dolly L. Kilpatrick died the 1/6 interest that came to her upon the death of her sister, Cora B. Fowler, vested in her daughter, Mary Lois Perry, now Mary Lois McIntosh, and the present plaintiff, 1/12 interest in each. The above cited cases on the question of construction deal generally with real property, but ''the vesting of interests in personalty is subject to the same rules as real estate.'' [Gardner v. VanLandingham et al., 334 Mo. 1054, 69 S. W. (2d) 947, l. c. 951; Deacon et al. v. St. Louis Union Trust Co. et al., 271 Mo. 669, 197 S. W. 261, l. c. 265.]

 Defendant contends that sections 563 and 3500, supra, are not applicable to the Liggett will for the reason that Sec. 563 ''expressly relates to devises of real estate,'' and that the purpose of Sec. 3500 was to abolish the rule in Shelley's case, and that since that rule pertained to real property, Sec. 3500 also concerns real property only. The same contention was made in the will construction suit on behalf of the three Liggett daughters, appellants in that case. In disposing of that point, this court said (271 S. W. l. c. 829):

''Counsel for appellants in their reply brief raise some question as to the rule in Shelley's case applying to the estate given to the three daughters. There is no merit in that question. It has been fully put to rest by legislative enactment, section 18 of the Statute of Wills of 1825 (Rev. St. 1825, p. 794), (now Sec. 563) and the following cases construing it: Emerson v. Hughes, 110 Mo. 627-630, 19 S. W. 979; Godman v. Simmons, 113 Mo. 122-127, 20 S. W. 972;

Cox v. Jones, 229 Mo. 53-55, 129 S. W. 495; Gillilan v. Gillilan, 278 Mo. 99-115, 212 S. W. 348; Nichols v. Robinson (Mo. Sup.) 211 S. W. 14-15; Watson v. Hardwick (Mo. Sup.), 231 S. W. 964-967.''

The memorandum opinion, in the suit to determine interest, prepared by Judge FARIS, but not published, is a part of the record in the present case. In the opinion, Judge FARIS, we think, indicated what he thought about the construction contained in the disputed paragraph here. Judge FARIS said:

''In the light of the fact that numerous able counsel, as well as the state circuit and state supreme court of Missouri, concurred in the view that the life estate here in dispute was postponed in vesting as a fee in the heirs of the bodies of the three daughters until the deaths of all of the latter, a consideration of the point might be embarrassing.''

It is true that the disputed paragraph was in the will construction suit decree, and that this court *affirmed* that decree, but it is quite apparent, if not conceded, that this court's attention was *not directed* to the disputed construction, and it is equally apparent that no such construction as contained in the disputed paragraph of the decree is tenable. No word juggling as to *remainders,* etc., can, in reason, reach such result.

██ The question of construction out of the way, does it follow that plaintiff is entitled to the relief granted? As stated, supra, plaintiff was a minor, under the age of 14, when the will construction suit was tried. She was a defendant in that suit and was duly served with process. Her father, Charles Scudder, was appointed her guardian *ad litem,* and such guardian was represented by counsel who filed answer for the present plaintiff.

The present plaintiff's answer, in the will construction suit, contained, among other things, the following:

''Further answering said petition this defendant states that Ella L. Wiggins, Cora B. Fowler and Dolly L. Kilpatrick, daughters of said testator, John E. Liggett, are given by his said will a life estate only in the share of his estate thereby devised and bequeathed to each, with remainder over in fee upon the death of said daughter to her then surviving issue, *per stirpes* and not *per capita; and, in case there be none, with remainder as to said share to the survivor or survivors of said daughters in equal portions for life, with remainder over in fee upon the death of the last survivor of said daughters to the surviving issue of said daughters, share and share alike, per stirpes.*

''This defendant asks the court by its decree to so adjudge and determine and to so construe said will'' (italics ours).

Mary Lois Perry, now McIntosh, and daughter of Dolly L. Kilpatrick, and an adult defendant in the will construction suit, was personally served in that case, but filed no answer. Counsel for the

present plaintiff in the will construction suit was guardian *ad litem* for three other minor defendants, and filed separately for them the same kind of an answer that he filed for the present plaintiff. He was the only one who filed such character of answer.

It is contended that the challenged paragraph in the will construction suit decree was, in effect, concealed from this court ■■■■ on the appeal in that case. Whether concealed or not, it was given but scant attention, and there were statements in the briefs, in effect, contrary to the construction in the challenged paragraph.

Examples from the brief of the present plaintiff's counsel in the will construction suit:

(1) "The trial court held that the will created life estates only in the daughters, with contingent remainders over in their bodily heirs, and entered a decree so finding."

(2) "He (the testator) placed his entire residuary estate in the hands of his three trustees, with ample powers of management, and with specific directions to pay over the income from a designated portion of the trust estate, i. e., from his Liggett Realty Company stock, to his wife, 'for and during the natural term of her life,' and after her death to hold said stock in trust, 'for the sole benefit and behoof of my three daughters, in equal portions, share and share alike, for and during the natural lives of my said daughters, with remainders over to the heirs of the bodies of each of my daughters, as their absolute property, per stirpes and not per capita;' if no issue, then to pay the income from such share to his surviving daughter or daughters 'for life,' 'with remainders over, as to such portion, *to the heirs of the body of such as shall die leaving issue* of their bodies absolutely, share and share alike, per stirpes.' "

(3) "We therefore respectfully submit that the will of John E. Liggett, construed according to its true intent and purpose, creates life estates only in his daughters, with contingent remainders over in the heirs of their respective bodies, and that the lineal descendants only of each daughter *who answers the description of such heirs at the time of her death takes such remainders.*"

(4) "But we are not left to mere inference . . . for in the next succeeding clause the meaning of the testator is declared in unmistakable terms, wherein he states that should any of his daughters die without issue 'then her portion,' not of income, as counsel (for the three daughters) would have the court believe, but 'of said realty company stock herein bequeathed to her for life shall go to the survivor and survivors of my said daughters in equal portions for life, with remainders over, as to such portion, *to the heirs of the bodies of such as shall die leaving issue of their bodies absolutely,* share and share alike, per stirpes.' "

From the brief of counsel representing the plaintiffs in the will construction suit: *"In case a daughter should die during the trust*

*period,* then the remainder of the said subject matter with which the testator was here dealing—the equitable estate during the rest of the trust—should go over *to the heirs of the body of the deceased daughter,* and in default of such heirs, then to the survivors of the daughters, again with remainders over to the heirs of their bodies."

From the brief of counsel representing other defendants in the will construction suit: "The will created an estate in each daughter for life, remainder to the heirs of her body; if not issue, then *to the survivors of the daughters for life, remainder to the heirs of their bodies"* (all italics ours).

No judge, by reading the briefs in the will construction suit appeal, would even suspect such a construction as that contained in the challenged paragraph of the decree. It is true that the minor answers above mentioned were *in the abstract* in the will construction suit appeal, but since no point was made as to the correctness of the construction, and since the briefs would suggest that no such construction was made, it can be thoroughly appreciated why this court, in the will construction suit opinion, as we said in the *nunc pro tunc* opinion (343 Mo. 40, 119 S. W. (2d) 1. c. 844) at no time attempted "to specifically rule as to whether or not the interest of a daughter dying without issue, would pass to the surviving daughters successively for life, and would not pass to the possession of the surviving issue of a deceased daughter until the death of the last daughter."

And on that subject, defendant in her present brief, says: "It should be kept in mind, that on said appeal (in the will construction suit) neither the supreme court nor any of the counsel, had specifically in mind, as a definitely controverted matter, the presently disputed paragraph of the decree. Both the court and all counsel knew of its presence in the decree, and no counsel were there challenging its correctness. The minds of all were centered upon the only disputed question, of life estates only, or fee titles, in the daughters. Therefore, apparently inconsistent references in the briefs or opinion, to the disposal of the remainder after the life estates, must be treated as inadvertent."

The answer of a guardian *ad litem,* for a minor defendant, frequently is that he knows nothing of the matter and submits "his case to the protection of the court." [Collins v. Trotter et al., 81 Mo. 275, 1. c. 282.] However, when the interests of a minor are involved in the construction of a will, or other instrument, it is entirely proper for a guardian *ad litem* to contend for any reasonable construction favorable to his ward, and where there are two possible constructions, it would be his duty to contend for the one most favorable to his ward. He has no right to admit that a construction in any way detrimental to his ward should be adopted, if there is a reasonable construction more favorable, and this because he has no right to admit away anything to which the ward might

be entitled to have. Such is the effect of the holding in Spotts et al. v. Spotts et al., 331 Mo. 917, 55 S. W. (2d) l. c. 983.

"The guardian *ad litem* of an infant can waive nothing and admit nothing against his ward, but the adversary of such infant must prove his whole case, whether it be one in equity or at law." [Collins v. Trotter, supra, 81 Mo. 275, headnote 5.] The Collins case, on the point, has been cited with approval in Mackey v. Shreckengaust (Mo. App.), 27 S. W. (2d) 752; Stolte et al. v. Larkin (8 Cir.), 110 Fed. 226, l. c. 233; Spotts case, supra, 55 S. W. (2d) l. c. 983. See also, Gebhardt v. United Railways Co. (Mo. Sup.), 220 S. W. 677, l. c. 679; 9 A. L. R. 1076; Fink v. K. C. Southern R. Co., 161 Mo. App. 314, 143 S. W. 568; McClure v. Farthing, 51 Mo. 109; McMurtry v. Fairley et al., 194 Mo. 502, 91 S. W. (2d) 902; Scott et al. v. Royston et al., 223 Mo. 568, 123 S. W. 454; 31 C. J., p. 1143, Sec. 304.

A guardian *ad litem* for a minor defendant is more than a mere figurehead, and the office is not merely perfunctory, and his duties are not shadowy. The duty of a guardian *ad litem* for a minor defendant "is to defend the suit and he cannot admit anything or waive anything which goes to sustain the adverse party's claim." A guardian *ad litem* for a minor defendant should do for his ward "what with riper judgment he would do for himself," and where fraud enters into the procurement of a judgment detrimental to a minor, such minor, at any time within the statutory period of limitations, has a remedy by suit in equity to set aside. [Spotts case, supra, 55 S. W. (2d) l. c. 983.] And there is no claim that the present case was not commenced within the statutory period of limitations.

In the present case the answer of the guardian *ad litem* did not invoke the frequently used answer of merely submitting the rights of the minor to the protection of the court, nor did the answer suggest the construction most favorable to the minor, but the answer suggested, as we see it, a construction detrimental to the vital interests of the minor defendant. And the answer did not stop at that, but went on to *ask* the court "to so construe said will." And not only did the answer suggest and ask a construction which has turned out to be grievously detrimental to the interest of the minor defendant, but counsel who prepared the answer also prepared for the court the decree itself. And the result is that such construction has deprived the minor defendant, over a period already of almost 13 years, of the possession and income from "several hundred thousand dollars" worth of property.

Even when a minor plaintiff comes into court by a guardian or next friend, such guardian or next friend has no right to *consent* to a judgment. In Robison v. Floesch Construction Co., 291 Mo. 34, 236 S. W. 332, l. c. 336, it is said: "There can be no doubt, of course,

but that in a suit instituted by a minor by his next friend a judgment may be rendered that will be valid and binding upon him. Such judgment, however, cannot be based merely on the consent of the minor, for he is without discretion, nor on that of the next friend, because he is not invested with either the power or the duty so to do." [See also Gray et al. v. Clement et al., 296 Mo. 497, 246 S. W. 940, 1. c. 943.] Clearly, the duty of the guardian *ad litem* was to contend for the reasonable construction most beneficial to his ward under all the circumstances, and he had no authority to do otherwise.

The law as to the authority of a guardian, *ad litem* or general, is quite clear, and it is not necessary to further pursue that subject. Defendant, however, says that no fraud, accident or mistake was pleaded or proved that would support the judgment below in the present case. Plaintiff's petition contained the following:

"Plaintiff states that in excess of his lawful authority and by mistake of his counsel, her said guardian filed an answer in said cause, which prayed the court to enter a decree declaring and adjudging, while the life estates were in existence, matters which were then in excess and beyond the jurisdiction of the court in said cause —to-wit, the subsequent devolution of estates and interests, which were not then in existence, but were then contingent, uncertain and *in futuro*. That in excess of his lawful authority, and by mistake of his counsel, and against the interests of said minor (the plaintiff herein) the answer of said guardian prayed the court to determine that the share of a daughter who might die without issue should go to the surviving daughters in equal portions for life, with remainder over in fee upon the death of the last survivor of said daughters, to the surviving issue of said daughters. That said prayer was contrary to the will of the testator, which directed that the share of a daughter who might die without issue, should go to the surviving daughters in equal portions for life, with remainders over to the heirs of their respective bodies."

Also, the petition alleged that on appeal in the will construction suit counsel did not advise this court as to the disputed paragraph in the decree, but on the contrary "the briefs of all counsel" stated "the intention of the testator to be that if a daughter should die without issue, her one-third (1/3) should pass in equal portions to her surviving sisters for life, with remainders over to the heirs of their respective bodies."

We think that the pleadings and the proof amply support the judgment below, and show that the action of the guardian *ad litem*, by his attorney, in going beyond any authority he had, caused a decree to be entered which limited the rights of his ward. As was said in Overton v. Overton et al., 327 Mo. 530, 37 S. W. (2d) 565, 1. c. 568, to refuse redress in the present case "would be a reproach to the administration of justice."

What we have said so far pertains to count No. 1 of the petition, but the judgment as it pertains to counts Nos. 2 and 3 stands or falls with that part of the judgment pertaining to count No. 1. The judgment contains 51 paragraphs. The last one recites that the circuit court retained jurisdiction "for administrative purposes and to make any and all orders which may be necessary to carry" the judgment into effect.

Able lawyers differ on the construction of wills and other written instruments, as the case law of all jurisdictions abundantly discloses, and we should, we think, say that by this opinion we do not mean to imply that there was any conscious wrongdoing on the part of any one connected with the will construction suit. There is nothing in the record to suggest such. The long and honorable career of all counsel concerned belies such suggestion. However, as we see it, the challenged paragraph in the will construction suit, under the facts, wrongfully deprived a minor defendant, who is now the present plaintiff, of the possession of the property and the income therefrom as claimed by her in the present cause.

The judgment should be affirmed and the cause remanded to the circuit court so that court can make the necessary orders to make its judgment effective. It is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.