MARY LOIS MCINTOSH v. CHARLES WIGGINS ET AL., Appellants.—No. 39392.—191 S. W. (2d) 637.

Division One, November 5, 1945.

Rehearing Denied, January 7, 1946.

748

*Nagel, Kirby, Orrick & Shepley* and *Lehmann & Allen* for appellants.

750

*Paul Bakewell, Jr.* for respondent; *John E. Cramer, Jr.,* and *Claude I. Bakewell* of counsel.

DALTON, C.—This is an action for a declaratory judgment and other equitable relief. The court determined plaintiff's right to certain property and to the income therefrom, fixed the amount of income and interest at $386,247.94 and entered judgment. Defendants have appealed.

John E. Liggett, respondent's grandfather, died November 23, 1897. By his will he created a trust estate. The trust period expired April 4, 1916, and thereafter (May 15, 1920) a suit was instituted by testator's three daughters, Ella L. Wiggins, Dolly L. Kilpatrick and Cora B. Fowler to construe the will. Respondent, who was a daughter of Dolly L. Kilpatrick, and Elizabeth Liggett Scudder (later Kennard), a daughter of a deceased daughter of Mrs. Kilpatrick, were among the defendants.

Plaintiffs in the will construction suit contended that, under the provisions of the will, the three daughters took a fee in the property instead of a life estate. The petition set out the will of John E. Liggett, deceased, and a certain decree of the circuit court of the City of St. Louis, as entered August 21, 1916, and asked a judgment construing the will and for directions and authority concerning the further duties of the trustees. The will and decree are quoted at length in the opinion of this court in Wiggins v. Perry (Mo. Sup.), 271 S. W. 815.

The trial court held that the three daughters took a life estate only and the decree further determined disposition of the respective shares upon death of the life tenants. The paragraph of the decree relating to the share of Cora B. Fowler, applicable to the contingency which actually happened, adjudged that if Cora B. Fowler should die without issue, "then said property shall go as follows: (1) If both her sisters, Ella L. Wiggins and Dolly L. Kilpatrick, shall survive her,

then an undivided one-half interest in said property shall go to and vest in each of said sisters for her life, *and on the death of either of them, the undivided one-half interest therein of the one so dying shall go to and vest in the survivor for her life, and upon her death the whole of said property shall go to and vest absolutely in the then surviving issue of said Ella L. Wiggins and Dolly L. Kilpatrick, share and share alike, per stirpes and not per capita.''* (Italics ours.)

The conclusion reached in the italicized part of the decree, supra, was erroneous and contrary to the holdings of this court both before and since the date of the decree. Kennard v. Wiggins, 349 Mo. 283, 160 S. W. (2d) 706, 709. Respondent, although an adult and a party defendant, duly served with process and a copy of the petition, did not appear, nor appeal. Of course, when the decree construing the will was entered, it could not be determined who would be injured by the erroneous part of the decree, nor could it be foreseen that respondent's mother would not be the last survivor of the three daughters and entitled to the benefits thereunder. The three daughters alone appealed. The judgment of the trial court was affirmed on March 16, 1925. Wiggins v. Perry (Mo. Sup.), 271 S. W. 815, 829. The facts concerning the presentation of the cause on appeal are fully summarized in the opinion in the case of Kennard v. Wiggins, supra, (349 Mo. 283, 160 S. W. (2d) 706, 710-711).

On July 19, 1928, a little more than three years after the will construction decree was affirmed, Cora B. Fowler died without issue; her two sisters, Ella L. Wiggins and Dolly L. Kilpatrick survived her. The parties concede that upon the death of Cora B. Fowler her 1/3 portion passed for life in equal portions (1/6) to each of her sisters. Dolly L. Kilpatrick died August 10, 1928, less than a month after the death of Cora B. Fowler. Mrs. Kilpatrick was survived by Ella L. Wiggins, Elizabeth Liggett Scudder (later Kennard) and this respondent. Under the terms of the will construction decree, the remainders in fee did not vest until the death of the last surviving life tenant and, accordingly, the 1/6 interest, passing for life to Dolly L. Kilpatrick upon the death of Cora B. Fowler, passed for life to Ella L. Wiggins, and Mrs. Wiggins took and held possession of the 1/6 interest during her lifetime.

Within less than a year after the death of Dolly L. Kilpatrick, when it was determined who was to be hurt by the erroneous provision of the decree, both respondent and Elizabeth Liggett Kennard began to seek relief on the theory that, construing the will according to the testator's intention, the 1/6 interest passed, in equal portions, to respondent and Elizabeth Liggett Kennard, 1/12 to each, immediately upon the death of Mrs. Kilpatrick.

On June 29, 1929, respondent filed an action of law in the United States District Court, at St. Louis, against Mrs. Wiggins to quiet and determine title to the disputed 1/12 interest, claimed by her, in the

trust real estate. Respondent contended that she was the owner of this interest in fee simple and that it was not subject to the life estate of Mrs. Wiggins. The action was under Secs. 1970 and 1971, R. S. 1919, now Secs. 1684 and 1685, R. S. 1939. Jurisdiction of the court was invoked because of diversity of citizenship. The issue presented by the pleadings was whether the decree, supra, construing the will, was res adjudicata as to respondent in view of the facts, pleadings and issues in that case. The court held that the decree was res adjudicata and that Mrs. Wiggins had a life estate in the disputed 1/12 interest, as adjudged in the will construction decree.

In a memorandum opinion, not published, the court said that the judgment in the will construction suit was res adjudicata, "even though it be true that the State, Circuit and Supreme Courts were in error in the interpretation which they put on the will and on the disputed clause." On the issue as to whether the petition (in the will construction case) upon its face warranted that part of the decree of which plaintiff complained, the court ruled: "Under the petition filed, and within the purview of the issues necessarily raised, I think clearly the state courts had the right to determine and decree when and upon what contingency or contingencies, the life estate fell in and vested as an estate in fee in the remaindermen; that is, whether such life estate continued to be such only until the death of all of the original takers, or whether it fell in and vested in fee in the children of the body of any one of the original takers who might die and leave surviving her issue of her body. This the state courts did, and this was a necessary finding, in order that instructions should be given to the trustees as to the manner of their conveyance and as to the estate they should convey; the more so, since the decree in the state court case operated to transfer title, in lieu of formal deeds otherwise necessary."

The decree was affirmed on appeal. Perry v. Wiggins, 8 Cir., 57 F. 2d 622, (cert. denied) 287 U. S. 609, 53 S. Ct. 12, 77 L. Ed. 529.

On March 31, 1933, respondent and her niece filed a motion for an order nunc pro tunc in the will construction suit. The purpose of the nunc pro tunc proceeding was to have the disputed paragraph in the will construction suit decree corrected and modified to conform to their theory of the testator's intention. The circuit court refused such nunc pro tunc order and movants appealed to this court. The judgment was affirmed November 12, 1936. Wiggins et al. v. Perry et al., 343 Mo. 40, 119 S. W. (2d) 839, 126 A. L. R. 949.

On March 21, 1931, and prior to the filing of the motion for the order nunc pro tunc, supra, Elizabeth Liggett Kennard had filed a suit in equity against Mrs. Wiggins in a state court to set aside for fraud, accident and mistake, and for want of jurisdiction, the disputed paragraph of the will construction decree and to recover a 1/12 interest in the trust property, as of the date of Mrs. Kilpatrick's

death. In that case it appeared that Mrs. Kennard was a minor under the age of 14 years at the time of the will construction suit; that she was represented by a guardian ad litem, whose answer in that cause was detrimental to her interests and in excess of his authority; and that the guardian, by his attorney, went beyond his authority and caused the decree to be entered, which limited the rights of his ward. The original will construction decree was set aside as to Mrs. Kennard. It was further held that the will was not susceptible of the construction which had been placed upon it in the original decree; and that the undivided 1/12 interest claimed by Mrs. Kennard vested in her on August 10, 1928. On appeal the decree of the trial court was affirmed. Kennard v. Wiggins, supra. The pleadings, evidence and issues are reviewed in the opinion of the court. A further appeal in the same cause is reported in 353 Mo. 681, 183 S. W. (2d) 870.

On the date the Kennard suit, supra, was instituted (March 21, 1931), respondent filed in the United States District Court, at St. Louis, a second suit against Mrs. Wiggins with reference to the 1/12 interest in the trust property claimed by respondent. This action was in equity and had for its general purpose substantially the same relief as was sought by Mrs. Kennard in her equity suit in the state court. In the petition respondent made a direct assault on the judgment in the will construction case and sought to have the same declared void on the theory that it was obtained by fraud, accident and mistake. Respondent charged that the court had no jurisdiction to determine future or contingent interests; that the insertion of the disputed paragraph in the decree for successive life estates was a fraud upon the court; that the petition in that cause prayed only for the determination of *vested* interests; that the only question presented was whether the three daughters took a fee or life estate; that the disputed paragraph was not presented to the Supreme Court on appeal; that the failure to do so was a fraud on the court and upon plaintiff; that the trust had expired in 1916; and that the court was without jurisdiction to direct the trustees. Respondent alleged that the disputed paragraph of the decree constituted a cloud upon her title to the property, and she sought to recover the disputed 1/12 interest in the property, as of August 10, 1928, and all income thereon. Mrs. Wiggins, in addition to pleading to the merits of respondent's action, pleaded the decree in the will construction suit and the judgment in the first suit in the Federal Court as res adjudicata.

In this Federal equity suit the trial court made a special finding of facts and conclusions of law, covering almost one hundred pages of the record. It found, that "'none of the facts on which are based the charges of fraud or mistake alleged in the complaint as grounds of direct attack upon the disputed part of the decree, were proved, and that said charges are not true." It found that the parties "were parties of record in said will construction suit; that the trust

property involved is the same; that the same question concerning the meaning of the will that is here involved, was also involved in said will construction suit; and that Mrs. McIntosh, as a party to said will construction suit; might have presented to said state circuit and supreme courts the same contention upon this issue that she makes in the instant suit, but knowingly refrained from doing so and failed to prove any reason why she had thus stood mute." It further found "that in the instant suit Mrs. McIntosh makes contentions upon issues herein, that she also made in her first Federal suit upon similar issues therein, and which this Court in its decision and opinion in said first suit expressly decided against her." The court then reviewed these issues and dismissed respondent's bill with prejudice. The judgment was affirmed on appeal for reasons fully stated in the appellate court's opinion. McIntosh v. Wiggins, 8 Cir., 123 F. 2d 316, cert. denied 315 U. S. 815, 86 L. Ed. 1212, rehearing denied 315 U. S. 831, 86 L. Ed. 1224.

The decision in the Federal equity suit became final May 25, 1942. Mrs. Wiggins died on October 17, 1942, and the life estate claimed by her terminated. The Kennard decree became final October 19, 1942. On January 15, 1943, respondent instituted the present action. On March 17, 1943, the corpus of the property in dispute, that is, the 1/12 interest of the personal property for which respondent sued, was delivered to her, and she further received the income, which had accrued after the death of Mrs. Wiggins. Only the income from the 1/12 interest in the real and personal property between August 10, 1928 (when Dolly L. Kilpatrick died) and October 17, 1942 (when Ella L. Wiggins died) and interest thereon, remained in dispute. As stated, the trial court found the issues for respondent. The decree contains 89 subdivisions and covers some 40 pages of the record.

Appellants (defendants) have made seventy-two assignments of error, with twenty-nine subdivisions under points and authorities. Briefly, appellants contend that respondent was not entitled to the possession of the disputed share until after the death of Mrs. Wiggins and that the original will construction decree and the judgments of the Federal courts are res adjudicata and binding on respondent. Respondent (plaintiff), on the other hand, insists that she is entitled to relief by declaratory judgment because of the confusion and contradiction in court records which affect title. She says the decree in the will construction suit conflicts with the opinion and mandate of this court affirming that decree, conflicts with the opinion of this court on the application for an order nunc pro tunc and conflicts with the decree in the Kennard case and the opinion affirming that decree. She contends that the decree in the Kennard case expressly adjudged and decided (1) that the disputed paragraph in the original will construction decree was void for fraud, accident and mistake, and as having been beyond the jurisdiction of the court; and (2) that "when

Dolly L. Kilpatrick died (August 10, 1928) the 1/6 interest that came to her upon the death of her sister, Cora B. Fowler, vested in her daughter, Mary Lois Perry, now Mary Lois McIntosh," and Elizabeth Liggett Kennard, 1/12 interest each. Kennard v. Wiggins, supra, (349 Mo. 283, 160 S. W. (2d) 706, 709). She says that the original will construction decree was an entirety and acted directly on the title to the property as a conveyance; and that since the original decree has been declared void as to Mrs. Kennard's 1/12 interest, it cannot be valid as to respondent's 1/12 interest in the same property. It is further respondent's theory that, since the Kennard decree canceled, deleted and vitiated the disputed paragraph of the will construction, it was a new fact or changed condition, which altered the legal rights and relationship between respondent and Mrs. Wiggins; that, by reason of this new fact and changed condition, the estoppel of the Federal Court judgments extend only to the facts in issue as they existed at the time the judgments were rendered; that both judgments were based solely on the disputed paragraph, which has now been wholly canceled and deleted from the will construction decree; and that, in view of this changed condition, the said judgments do not prevent a re-examination of the same questions which were decided between respondent and Mrs. Wiggins. Respondent expressly seeks equitable relief against the first Federal judgment, as "an unjust judgment of law" based solely on a paragraph of the will construction decree, "subsequently adjudged by the Court of Missouri ▆▆▆ to have been void." Respondent says that her petition presented two issues, towit, "whether the void paragraph of the decree in the original case should be vacated; and whether plaintiff is entitled to equitable relief by enjoining defendants from having any benefit from that unjust judgment at law" (first judgment in Federal Court). Respondent construes her petition as a direct assault in equity upon the two judgments (will construction decree and first Federal judgment) and insists that "the validity and binding effect" of the judgments, opinions and decrees was "put in issue"; and that they do not operate as res adjudicata because the binding effect of the judgments is the very matter in issue.

Respondent's theory that her petition is a direct assault on the will construction decree is based on certain charges similar to those in the Federal suits, towit, that the petition in the will construction suit only asked the determination of *vested* interests; that the decree, in so far as it adjudged future and contingent interests, gave relief beyond the petition and beyond the jurisdiction of the court; and that at the time of the original suit respondent had no right, title, or estate in the property "that she could assert or defend in court until the death of the life tenant," but had "merely a possibility of acquiring . . . some interest of estate."

Respondent further contends that the original decree, having been declared void by the Kennard decree, it was a nullity that could be vacated at any time and could not be made the basis of any claim or further judgment. It is further respondent's position that Mrs. Wiggins was a party defendant in the Kennard case, and that her executors are bound thereby and cannot now claim that she was entitled to a life estate in the disputed 1/12 interest under the original decree. Respondent says the original decree and the Kennard decree, construed the same will; that both operated directly on the title to the same property; that the will provided equal interests to respondent and Mrs. Kennard, vesting at the same time; that the two decrees construing the same will are squarely in conflict with each other, fix different vesting dates and different interests; that the two decrees cannot stand together; and that the Kennard decree, the last in point of time, controls and vests title to respondent's 1/12 interest in her as of August 10, 1928. Respondent's contention (that the two decrees conflict and that, if the original decree stands with the Kennard decree, Mrs. Kennard will obtain a larger share) is based on the theory that Mrs. Kennard may claim under both decrees. Respondent further insists that the trial court had the right to exercise its "inherent and summary jurisdiction to afford redress to her for all the consequences of an act of the circuit court itself in having entered a decree" and made a conveyance which has been declared void; and that the court properly required the trustees of the Wiggins' estate to make restitution to her of all that she had been deprived of as a result thereof.

Since respondent's theory of her right to the disputed 1/12 interest on August 10, 1928 rests essentially upon her construction of the effect of the Kennard decree, we must determine the effect, if any, of the Kennard decree upon respondent's right to the 1/12 interest claimed by her.

Respondent was not a party to the record in the Kennard case and the undivided 1/12 interest claimed by her was not involved in that litigation. Respondent was not bound by that decree, nor was Mrs. Wiggins bound as to respondent. "Estoppel by judgment must be mutual and bind both parties. If the judgment is not binding upon both, it binds neither." Stewart v. City of Springfield, 350 Mo. 234, 165 S. W. (2d) 626, 630. The fact that Mrs. Kennard and respondent were co-owners of a 1/12 interest each, subject to the life estate claimed by Mrs. Wiggins, did not make the Kennard judgment (which relieved the Kennard interest from the Wiggins life estate), res adjudicata between respondent and Mrs. Wiggins. See, Restatement of the Law of Judgments, Sec. 103. Mrs. Kennard, Mrs. Wiggins and respondent were all parties to the original construction decree, but Mrs. Kennard was an infant and not properly represented, as stated in the Kennard opinion. The decree in the will construc-

tion suit was set aside as to her interest in the property. If we assume that the decree of the trial court in the Kennard case was further based upon fraud, accident and mistake (independent of the action of the guardian ad litem and his attorney) and upon the theory that the original petition in the will construction suit prayed for the determination of *vested* interest only, and that the court lacked jurisdiction to adjudge the then future, contingent and prospective interests of the remainderman, yet such facts do not aid respondent. If the ▮▮▮ mentioned issues were litigated and decided in the Kennard case, as between Mrs. Wiggins and Mrs. Kennard, they were, nevertheless, not litigated and decided in that proceeding as between Mrs. Wiggins and respondent. There was no determination that the original decree was *void* as to respondent. Nor was the original decree such an entirety that, if the decree was void as to Mrs. Kennard's 1/12 interest, it was also void as to respondent's 1/12 interest. It is conceded that the original decree operated on the title; that it was a conveyance by decree; that it provided for successive life estates; and that, under its terms and the subsequent facts, Mrs. Wiggins had a life interest in the disputed 1/12 interest claimed by respondent. These rights were unaffected by the Kennard decree.

▮▮▮ "No principle of law is better settled than that a judgment may be void or erroneous as to some of the parties defendant, and regular and valid as to others." Keaton v. Jorndt, 220 Mo. 117, 133, 119 S. W. 629; Electrolytic Chlorine Co. v. Wallace & Tiernan Co., 328 Mo. 782, 789, 41 S. W. (2d) 1049; State ex rel. Ozark County v. Tate, 109 Mo. 265, 270, 18 S. W. 1088; State ex rel. Cunningham v. Haid, 328 Mo. 208, 40 S. W. (2d) 1048, 1050; Restatement of the Law of Judgments, Sec. 79(c).

The rule that a judgment void as to one defendant was void as to all was a common law rule applicable to judgments at law. Neenan v. St. Joseph, 126 Mo. 89, 94, 28 S. W. 963; Dickerson v. Chrisman, 28 Mo. 134, 141. The rule is not applicable to judgments in actions in rem, since judgments in such cases are valid as to the interests of those who were joined as defendants and duly notified and served with process, even though they are invalid as to the interests of others who were not made parties or were not notified. Williams v. Hudson, 93 Mo. 524, 528, 6 S. W. 261; Walker v. Mills, 210 684, 691, 109 S. W. 44. The release of Mrs. Kennard from the original will construction decree imposed no added burden on respondent. She was not injured by the Kennard decree. It did not benefit her, but it worked no injustice upon her. It is further apparent that, since the ownership of the 1/12 interest claimed by respondent was not an issue in the Kennard case, and since respondent was not a party thereto, the Kennard decree did not and could not have determined that respondent's rights vested on August 10, 1928, as against Mrs. Wiggins.

■ There is no conflict between the original will construction decree and the Kennard decree, so far as concerns respondent, because the former decree now relates only to respondent's interest and Mrs. Kennard cannot claim under both decrees. The Kennard decree operated to vest the Kennard 1/12 interest in Mrs. Kennard on August 10, 1928. The original will construction decree continued in force and effect as to respondent. Her interest under said decree vested upon Mrs. Wiggin's death, October 17, 1942.

■ The Kennard decree, therefore, was not a new fact as between respondent and Mrs. Wiggins, and did not operate to change the legal relationship existing between them. The issues, therefore, sought to be raised between respondent and appellants in this proceeding, towit, that the circuit court in the will construction case had no jurisdiction to determine future and contingent interests, and that the petition in that cause prayed only the determination of vested interests, have been fully litigated between the parties hereto and the judgments which determined those issues remain in full force and effect. "Even the adjudication of a single fact as between the two adverse parties will estop the litigation of that fact in any future litigation." Kane v. McMenamy, 307 Mo. 98, 270 S. W. 662, 667. As between respondent and Mrs. Wiggins, the issue of fraud, accident and mistake in the procurement of the original decree was fully litigated and decided in the Federal equity suit. While Mrs. Kennard and respondent chose different forums for bringing their two equity suits to set aside the disputed paragraph in the will construction decree on the ground of fraud, accident and mistake, there was a sufficient difference in the grounds for relief in the two cases (the infancy of Mrs. Kennard in the Kennard case) and in the defenses available to the defendant in the two cases (res adjudicata against Mrs. McIntosh in the McIntosh case) to fully explain the difference in the results obtained.

■ Respondent has suffered no injury from the original or subsequent decrees for which relief may now be granted. Respondent, sui juris, has had her day in court. An erroneous judgment affirmed by an opinion since overruled is valid and ■ binding on the parties until set aside or modified on some lawful basis. Stevenson v. Edwards, 98 Mo. 622, 12 S. W. 255; Black on Judgments (Second Edition), Vol. II, p. 778, Sec. 514. In the situation respondent is not entitled to any affirmative equitable relief, but appellants are entitled to the relief asked by injunction against the further prosecution of respondent's claim.

The judgment is reversed and the cause remanded with directions to declare that, under the original will construction decree by which respondent is bound, respondent's right to the possession and enjoyment of the 1/12 interest here in dispute vested in her on October

17, 1942; and to enjoin the further prosecution of respondent's claim for income and interest. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.